```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
THE REPUBLIC OF KAZAKHSTAN,                                       :
                                                                  :
                                 Plaintiff,                       :    COMPLAINT
                                                                  :
           -against-                                              :
                                                                  :    15 Civ. ___
DOES 1-100 INCLUSIVE,                                             :
                                                                  :
                                 Defendants.                      :
                                                                  :
------------------------------------------------------------------X
```

15 CV 1900

Plaintiff the Republic of Kazakhstan ("Plaintiff"), for its Complaint against fictitiously named defendants Does 1-100 ("Defendants") alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for injunctive relief and damages arising under The Computer Fraud and Abuse Act, 18 U.S.C. § 1030. As alleged more fully below, Defendants hacked into the government computer network of Plaintiff the Republic of Kazakhstan, as well as into the Gmail accounts of officials of the government of the Republic of Kazakhstan, and stole a large number (believed to be in the thousands) of sensitive, proprietary, confidential and privileged government emails and other documents (the "Stolen Materials"). Defendants have already posted on the internet a number of misappropriated emails from among the Stolen Materials that contain privileged and confidential attorney-client communications between Plaintiff and Plaintiff's outside counsel, including U.S.-based counsel. Unless enjoined from further posting, Defendants will likely continue to post Stolen Materials, to the substantial and irreparable harm of the Plaintiff.

## THE PARTIES

2. Plaintiff is a sovereign nation in Central Asia.

3. Plaintiff has significant dealings with the United States, and regularly communicates with and does business with the United States, utilizing email platforms such as Gmail and Hotmail, which are based in the United States.

4. Plaintiff is unaware of the true names of the Defendants sued herein as DOES 1-100, inclusive, and therefore sues these Defendants by fictitious names. Plaintiff will amend this Complaint to allege the true names of the Defendants when ascertained.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, as the action arises under the laws of the United States.

6. This Court has personal jurisdiction over Defendants as a result of the Defendants' unauthorized access into, and misappropriation of information from, a "protected computer" as defined in 18 U.S.C. § 1030(e)(2)(B) which is used for commerce and communication with persons and entities in New York, and as a result of Defendants' wrongful conduct causing injurious effect in New York.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## FACTS

8. On or about January 21, 2015, Plaintiff learned of unauthorized public postings of certain of its privileged and confidential emails, and thereby became aware that its computer system had been hacked.

9. Without authorization, Defendants hacked into: (a) the computers of the Republic of Kazakhstan, and (b) Gmail accounts used from time to time by officials of the Republic of Kazakhstan to conduct official government business (collectively the "Hacked Computers") and misappropriated what is believed to be thousands of government emails and other documents.

10. Gmail is an email service provided by Google Inc. ("Google"). Google is headquartered in Mountain View, California, and has offices throughout the United States and elsewhere, including New York City.

11. The Hacked Computers are "protected computers" under 18 U.S.C. § 1030(e)(2)(B), which defines a "protected computer" to include a computer "which is used in or affecting interstate or foreign commerce or communication, including a computer located outside the United States that is used in a manner that affects interstate or foreign commerce or communication of the United States." The Hacked Computers are used for commerce and communication with the United States, including with persons and entities in New York.

12. Plaintiff has launched an investigation to try to determine the identity of the hackers and their confederates, the precise scope of the intrusion, and the extent of the damages caused. That investigation is ongoing.

13. The officials whose emails and other documents have been misappropriated include Marat Beketayev, the Executive Secretary of the Ministry of Justice of the Republic of Kazakhstan, and Andrey Kravchenko, a Deputy General Prosecutor in the General Prosecutor's Office of the Republic of Kazakhstan. The Hacked Computers contain a large number of emails and other documents sent or received by these officials and other officials of the Republic of Kazakhstan. Many of these emails and other documents contain sensitive, proprietary, and highly confidential communications of the Ministry of Justice and/or the General Prosecutor's Office. Of those, some consist of privileged communications between the Republic of Kazakhstan and its outside attorneys in the United States (including some in New York City) and elsewhere.

14. The Hacked Computers are connected to the internet and are used in connection with foreign commerce and communication, including with (among others) the United

States. This communication includes, *inter alia*, correspondence with Plaintiff's outside U.S. counsel at Curtis, Mallet-Prevost, Colt & Mosle LLP ("Curtis"), a global law firm headquartered at 101 Park Avenue, New York, NY 10178-0061.

15. Curtis also has offices in Kazakhstan. Curtis lawyers who represent and provide legal advice and assistance to the Republic of Kazakhstan include, *inter alia*, Askar Moukhidtinov, Esq. (a member of the bar of the State of Connecticut and of the Republic of Kazakhstan), and Jacques Semmelman, Esq. (a member of the bar of the States of New York, New Jersey, and Pennsylvania, and a member of the bar of this Court). Mr. Semmelman maintains his office in Curtis's New York headquarters.

16. Defendants have already posted some of the Stolen Materials to various websites, including https://kazaword.wordpress.com, www.respublika-kaz.info, and https://www.facebook.com. At least fourteen emails from among the Stolen Materials have been posted to these sites. The fourteen posted emails consist of privileged and confidential attorney-client communications sent to officials of the Republic of Kazakhstan by Curtis or by Gomez-Acebo & Pombo, a global law firm headquartered in Spain that has been performing legal services on behalf of, and has been providing legal advice to, the Republic of Kazakhstan. The fourteen emails that have been publicly disclosed by the Defendants are attorney-client privileged communications from the two law firms to their mutual client, the Republic of Kazakhstan. Among the senders or "cc" recipients of these misappropriated and publicly posted emails are Mr. Moukhidtinov and Mr. Semmelman.

17. Plaintiff has already been irreparably harmed by the illegal misappropriation and public dissemination of just a small portion of the Stolen Materials. To date, Plaintiff has spent a substantial sum of money (far in excess of $5,000) to investigate the hacking

and to control and remediate the damage Defendants have already caused and are in a position to further cause.

18. Plaintiff has suffered and continues to suffer damage and loss by reason of Defendants' wrongful conduct.

## VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT
## (18 U.S.C. § 1030)

19. Plaintiff incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 18 above.

20. 18 U.S.C. § 1030(g) of the Computer Fraud and Abuse Act provides that any "person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief." Pursuant to 18 U.S.C. §§ 1030(g), (a)(2)(C), and (c)(4)(A)(i)(I), a civil action may be brought if the conduct involves a loss during any one-year period aggregating at least $5,000 in value.

21. Defendants violated The Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(C), by intentionally accessing protected computers used for interstate commerce or communication, without authorization or by exceeding authorized access to such computers, and by obtaining the Stolen Materials from such protected computers.

22. Defendants violated The Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(5)(B), by intentionally accessing protected computers without authorization, and as a result of such conduct, recklessly causing damage to Plaintiff.

23. Defendants violated The Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(5)(C), by intentionally accessing protected computers without authorization, and as a result of such conduct, causing damage and loss to Plaintiff.

24. Upon information and belief, the Defendants acted jointly and in concert with one another.

25. As a proximate result of these violations, Plaintiff has suffered damage and loss in an amount to be proven at trial, and, absent injunctive relief, faces likely irreparable harm.

26. Accordingly, Defendants' activities constitute a violation of the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030(a)(2)(C), (a)(5)(B) and (C), (e)(2)(B), and Plaintiff is entitled to injunctive relief and an award of compensatory damages under that Act.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff the Republic of Kazakhstan demands judgment against Defendants jointly and severally as follows:

(1) Adjudging that Defendants' actions violated The Computer Fraud and Abuse Act, 18 U.S.C. § 1030;

(2) (a) Enjoining Defendants, their affiliates, employees, agents, and representatives, and all persons acting in concert with or participating with Defendants, from using, disclosing, disseminating, posting, displaying, sharing, distributing, hosting, copying, viewing, accessing, providing access to or making available to anyone, in any manner whatsoever, any of the materials stolen by the Defendants from the computer system of Plaintiff and from the Gmail accounts of Plaintiff's officials (the "Stolen Materials");

(b) Ordering that Defendants, their affiliates, employees, agents, and representatives, and all persons acting in concert with or participating with Defendants, immediately deliver to Plaintiff: (i) all copies of the Stolen

Materials; and (ii) all copies of any materials (in paper, electronic, or any other form) that contain or reflect any information derived from the Stolen Materials; and

(c) Ordering that Defendants, their affiliates, employees, agents, and representatives, and all persons acting in concert with or participating with Defendants, turn over to the Court any proceeds that Defendants have received as a result of their misappropriation and use of the Stolen Materials, such proceeds to be held in constructive trust until the conclusion of this litigation;

(3) Awarding Plaintiff money damages in an amount to be determined at trial;

(4) Awarding Plaintiff costs and reasonable attorneys' fees; and

(5) Awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
       March 12, 2015

>Respectfully submitted,
>CURTIS, MALLET-PREVOST,
>COLT & MOSLE LLP
>
>By: _____
>Jacques Semmelman (JS 5020)
>jsemmelman@curtis.com
>Michael R. Graif (MG 4795)
>mgraif@curtis.com
>
>101 Park Avenue
>New York, New York 10178
>(212) 696-6000
>
>*Attorneys for Plaintiff the Republic of Kazakhstan*