UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
THE REPUBLIC OF KAZAKHSTAN,                                         :
                                                                    :
                              Plaintiff,                            :
                                                                    :
              -against-                                             :
                                                                    :  15 Civ. 1900 (ER)
DOES 1-100 INCLUSIVE,                                               :
                                                                    :
                              Defendants.                           :
                                                                    :
------------------------------------------------------------------- X

## DECLARATION OF JACQUES SEMMELMAN IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Jacques Semmelman declares under penalty of perjury and pursuant to 28 U.S.C. § 1746:

1. I am a member of the law firm of Curtis, Mallet-Prevost, Colt & Mosle LLP ("Curtis"), attorneys for plaintiff the Republic of Kazakhstan ("Plaintiff"). I am admitted to practice law in the States of New York, New Jersey, and Pennsylvania, as well as in the U.S. District Court for the Southern District of New York and in other federal courts. I maintain my office in Curtis's New York headquarters at 101 Park Avenue, New York, NY 10178-0061.

2. I submit this Declaration in support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction. I have knowledge of the facts set forth herein.

3. Curtis is a global law firm headquartered at 101 Park Avenue, New York, NY 10178-0061. Curtis has offices in Kazakhstan. Curtis lawyers who represent and provide legal advice and assistance to the Republic of Kazakhstan include Askar Moukhidtinov, Esq. (a member of the bar of the State of Connecticut and of the Republic of Kazakhstan), and myself.

## Plaintiff's Complaint and Motion For a
## Temporary Restraining Order and Preliminary Injunction

4. On March 12, 2015, Plaintiff filed its complaint (the "Complaint") against fictitiously named Does 1-100 ("Defendants") alleging a violation of 18 U.S.C. § 1030. By Order to Show Cause, Plaintiff seeks a temporary restraining order and a preliminary injunction pursuant to Fed. R. Civ. P. 65 and 18 U.S.C.§ 1030(g) (the "Motion").

5. As set forth in the accompanying Declaration of Marat Beketayev, Executive Secretary of the Ministry of Justice, Republic of Kazakhstan, unknown persons hacked Plaintiff's "protected computers," as defined by 18 U.S.C. § 1030(e)(2)(B), and stole a large number (believed to be in the thousands) of sensitive, proprietary, confidential and privileged government emails and other documents from the Plaintiff's computer system and from Gmail accounts used from time to time by officials of the Republic of Kazakhstan to conduct official government business (the "Stolen Materials"). The Stolen Materials include privileged and confidential emails sent by Curtis attorneys to our client, the Republic of Kazakhstan. Defendants subsequently posted without consent some of the Stolen Materials on various websites, including https://kazaword.wordpress.com, www.respublika-kaz.info, and https://www.facebook.com.[1] The posted materials include privileged and confidential emails

---

[1] The Facebook pages are located at:
https://www.facebook.com/notes/%D0%B8%D0%BD%D1%84%D0%BE%D1%80%D0%BC%D0%B0%D1%86%D0%B8%D0%BE%D0%BD%D0%BD%D1%8B%D0%B9-
%D0%BF%D0%BE%D1%80%D1%82%D0%B0%D0%BB-
%D1%80%D0%B5%D1%81%D0%BF%D1%83%D0%B1%D0%BB%D0%B8%D0%BA%D0%B0/%D0%BA%D0%B0%D0%BA-%D0%BB%D0%BE%D0%B1%D0%B8%D1%81%D1%82%D1%8B-
%D0%B0%D0%BA%D0%BE%D1%80%D0%B4%D1%8B-
%D1%80%D0%B0%D0%B1%D0%BE%D1%82%D0%B0%D1%8E%D1%82-%D0%BF%D0%BE-
%D0%B4%D0%B5%D0%BB%D1%83-%D0%BF%D0%B0%D0%B2%D0%BB%D0%BE%D0%B2%D0%B0-
%D0%B2-%D0%B8%D1%81%D0%BF%D0%B0%D0%BD%D0%B8%D0%B8/604773642956497
and
https://www.facebook.com/notes/%D0%B8%D0%BD%D1%84%D0%BE%D1%80%D0%BC%D0%B0%D1%86%D0%B8%D0%BE%D0%BD%D0%BD%D1%8B%D0%B9-
%D0%BF%D0%BE%D1%80%D1%82%D0%B0%D0%BB-
%D1%80%D0%B5%D1%81%D0%BF%D1%83%D0%B1%D0%BB%D0%B8%D0%BA%D0%B0/%D0%BA%D0%B0%D0%BA-%D0%B8%D1%81%D0%BF%D0%B0%D0%BD%D1%81%D0%BA%D0%B8%D0%B5-

sent by my partner Mr. Moukhidtinov to the client, with a "cc" to me. (Ex. A) As explained in the accompanying Declaration of Anthony Baselice, Curtis's Chief Information Officer and Global Director of IT, each of those emails passed through Curtis's servers in Piscataway, New Jersey.

6. Gmail is an email service provided by Google Inc. ("Google"). Google is headquartered in Mountain View, California, and has offices throughout the United States and elsewhere, including New York City.

7. Any further disclosure of the Stolen Materials will likely reveal additional sensitive, proprietary, confidential, and privileged information belonging to Plaintiff. Any such further disclosure should be restrained and enjoined. Accordingly, Plaintiff respectfully requests that the Court issue a preliminary injunction:

(a) Enjoining Defendants, their affiliates, employees, agents, and representatives, and all persons acting in concert with or participating with Defendants, from using, disclosing, disseminating, posting, displaying, sharing, distributing, hosting, copying, viewing, accessing, providing access to or making available to anyone, in any manner whatsoever, any of the materials stolen by the Defendants from the computer system of Plaintiff and from the Gmail accounts of Plaintiff's officials (the "Stolen Materials");

(b) Ordering that Defendants, their affiliates, employees, agents, and representatives, and all persons acting in concert with or participating with Defendants, immediately deliver to Plaintiff: (i) all copies of Stolen Materials;

%D1%81%D1%83%D0%B4%D1%8C%D0%B8-
%D1%80%D0%B0%D0%B1%D0%BE%D1%82%D0%B0%D1%8E%D1%82-%D0%BD%D0%B0-
%D0%BA%D0%B0%D0%B7%D0%B0%D1%85%D1%81%D1%82%D0%B0%D0%BD/601833419917186.

-3-

and (ii) all copies of any materials (in paper, electronic, or any other form) that contain or reflect any information derived from the Stolen Materials; and

(c)     Ordering that Defendants, their affiliates, employees, agents, and representatives, and all persons acting in concert with or participating with Defendants, turn over to the Court any proceeds that Defendants have received as a result of their misappropriation and use of the Stolen Materials, such proceeds to be held in constructive trust until the conclusion of this litigation.

## Plaintiff Requires an *Ex Parte* Temporary Restraining Order Against the Defendants

8.     An *ex parte* temporary restraining order is necessary to prevent further irreparable harm to Plaintiff.

9.     To date, some fourteen emails (out of the potentially thousands in the Stolen Materials) have been posted on the internet.

10.    If notice is given to Defendants prior to the issuance of a temporary restraining order, Defendants will be motivated to quickly post much more – if not all – of the remaining Stolen Materials on public internet pages in an effort to thwart any provisional relief issued by the Court.

11.    If that occurs, all the sensitive, proprietary, confidential, and attorney-client privileged government documents stolen from Plaintiff will have been made publicly available, which will render null the provisional relief requested herein. The irreparable harm to Plaintiff will be immense, as Plaintiff's sensitive, proprietary, confidential, and attorney-client privileged government documents will be available to anyone with an internet connection. *Ex parte* relief is therefore essential.

12. Accordingly, Plaintiff respectfully requests that the Court issue an *ex parte* temporary restraining order enjoining Defendants, their affiliates, employees, agents, and representatives, and all persons acting in concert with or participating with Defendants, from using, disclosing, disseminating, posting, displaying, sharing, distributing, hosting, copying, viewing, accessing, providing access to or making available to anyone, in any manner whatsoever, any of the materials stolen by the Defendants from the computer system of Plaintiff or from the Gmail accounts of the Plaintiff's officials, pending hearing and determination of the Motion.

## Service of the Complaint and Motion For a Temporary Restraining Order and Preliminary Injunction

13. The Defendants are as yet unidentified. As such, neither the Plaintiff nor its counsel has any personal contact information for them. However, Plaintiff and its counsel have access to the two Facebook pages on which some of the Stolen Materials were posted.

14. Facebook has a functionality through which a logged-in user may post a public "comment" to a post.

15. The two Facebook pages at issue, created in February of 2015, have this functionality. Since the pages' creation, other users have posted comments on the pages, visible to the public.

16. Because neither Plaintiff nor its counsel currently has any alternative method for directly contacting the Defendants, Curtis will provide notice to the Defendants after the temporary restraining order is issued by posting a public "comment" in substantially the following form on the two Facebook pages:

On March 12, 2015, a Complaint was filed against you by the Republic of Kazakhstan in the United States District Court for the Southern District of New York. The case is styled as *The Republic of Kazakhstan v. Does 1-100 Inclusive*, No. 15 CV 1900 (ER) (S.D.N.Y. 2015). A copy of the Complaint can be found at the following link: _____.

In addition, a Motion for a Temporary Restraining Order and Preliminary Injunction (the "Motion") has been filed against you. A copy of the Motion and supporting papers can be found at the following link: _____. The Motion is brought by Order to Show Cause so that the matter will proceed on an expedited basis.

An *ex* parte temporary restraining order has already been issued against you, enjoining you, your affiliates, employees, agents, and representatives, and all persons acting in concert with or participating with you, from using, disclosing, disseminating, posting, displaying, sharing, distributing, hosting, copying, viewing, accessing, providing access to or making available to anyone, in any manner whatsoever, the materials stolen by you from the computer system of the Republic of Kazakhstan and from the Gmail accounts of officials of the Republic of Kazakhstan.

A copy of the Order to Show Cause can be found at the following link: _____. The Court has directed the parties to appear before it with respect to the Preliminary Injunction on _____, 2015 at the following location: the United States Courthouse for the Southern District of New York, 40 Foley Square, Courtroom 619, New York, NY 10007.

If you are represented by an attorney, please let us know and we will notify your counsel of the date and time selected by the Court.

Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, NY 10178-0061
Att: Jacques Semmelman, Esq.
jsemmelman@curtis.com
Attorneys for the Republic of Kazakhstan

17.   Curtis will also provide notice to Defendants by publishing a notice of these proceedings in two newspapers of general circulation in the Republic of Kazakhstan, namely Kazakhstanskaya Pravda (published in Russian) and Egemen Kazakhstan (published in Kazakh), every day for thirty days.

-6-

## No Prior Relief Has Been Requested

18.  Plaintiff has made no prior application for this relief to this Court and no application for this or similar relief has been previously denied.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED THIS 12TH DAY OF MARCH, 2015 IN NEW YORK, NEW YORK.

*[signature]*
Jacques Semmelman