UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 3/20/2015

---------------------------------------------------------------------- X
                                                     :

THE REPUBLIC OF KAZAKHSTAN,       :

                  Plaintiff,   :

           -against-        :    15 Civ. 1900 (ER)

DOES 1-100 INCLUSIVE,         :

                 Defendants.   :

---------------------------------------------------------------------- X

## ~~[PROPOSED]~~ ORDER GRANTING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Plaintiff the Republic of Kazakhstan ("Plaintiff") filed a Complaint for injunctive and other relief pursuant to the Computer Fraud and Abuse Act (18 U.S.C. § 1030). On March 13, 2015, the Court granted Plaintiff's Ex Parte Motion for a Temporary Restraining Order. Plaintiff now moves for a Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65 and 18 U.S.C. § 1030(g), seeking to keep in place the relief granted in the March 13, 2015 Order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Having reviewed the papers, declarations, affidavits, exhibits, and memorandum of law filed in support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction ("the Motion"), and there being no opposition filed thereto, the Court hereby makes the following findings of fact and conclusions of law:

1.        This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, as the action arises under the laws of the United States.

2.        There is good cause to believe that Defendants have engaged in acts and practices that violate the Computer Fraud and Abuse Act (18 U.S.C. § 1030).

3.    There is good cause to believe that on or before January 21, 2015,

Defendants obtained unauthorized access to:  (a) the computers of the Republic of Kazakhstan,

and (b) Gmail accounts used from time to time by officials of the Republic of Kazakhstan to

conduct official government business (collectively the "Hacked Computers"), and

misappropriated thousands of government emails and other documents containing sensitive,

proprietary, confidential, and attorney-client privileged government documents belonging to the

Republic of Kazakhstan (the "Stolen Materials").

4.    There is good cause to believe that this Court has jurisdiction over the

Defendants as a result of Defendants' unauthorized access into, and misappropriation of

information from, a "protected computer" as defined in 18 U.S.C. § 1030(e)(2)(B), which is used

for commerce and communication with persons and entities in New York, and as a result of

Defendants' wrongful conduct causing injurious effect in New York.

5.    The Complaint filed in this action on March 12, 2015 [ECF No. 01] states

a claim for violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030) against the

Defendants.

6.    Service of the Complaint and Motion for a Temporary Restraining Order

and Preliminary Injunction and accompanying documents was effectuated, *inter alia*, pursuant to

Facebook notice.  On March 13, 2015, a Facebook Page (the "Page") was created, located at

ww.facebook.com/KazakhstanvDoes, on which the following were posted: (a) the Court's

Executed Order to Show Cause, dated March 13, 2015 (the "Order to Show Cause"); (b) the

Republic of Kazakhstan's Memorandum of Law in Support of Plaintiff's Motion for a

Temporary Restraining Order and Preliminary Injunction; (c) the Declaration of Jacques

Semmelman in Support of Motion for Temporary Restraining Order and Preliminary Injunction;

(d) the Declaration of Marat Beketayev in Support of Motion for Temporary Restraining Order

and Preliminary Injunction and attached Appendix A; (e) the Declaration of Anthony Baselice;

(f) the Complaint; (g) the Electronic Case Filing Rules and Instructions for the United States

District Court for the Southern District of New York; (h) the Individual Practices of U.S. District

Judge Edgardo Ramos; and (i) the Individual Practices of U.S. Magistrate Judge Henry Pitman.

       7.     On March 13, 2015, Comments were posted on the Facebook Notes

containing the Stolen Materials using the Page specified in the Order to Show Cause (Order to

Show Cause at 3 n.1)[1] containing the following text:

> On March 12, 2015, a Complaint was filed against you by the Republic of Kazakhstan in the United States District Court for the Southern District of New York. The case is styled as *The Republic of Kazakhstan v. Does 1-100 Inclusive*, Civ. No. 15 Civ. 1900 (ER) (S.D.N.Y. 2015). A copy of the Complaint can be found at the following link: www.facebook.com/KazakhstanvDoes.

> In addition, a Motion for a Temporary Restraining Order and Preliminary Injunction (the "Motion") has been filed against you. A copy of the Motion and supporting papers can be found at the following link: www.facebook.com/KazakhstanvDoes. The Motion is brought by Order to Show Cause so that the matter will proceed on an expedited basis.

> An *ex parte* temporary restraining order has already been issued against you, enjoining you, your affiliates, employees, agents, and representatives, and all persons acting in concert with or

---

[1] The Facebook pages are located at
https://www.facebook.com/notes/%D0%B8%D0%BD%D1%84%D0%BE%D1%80%D0%BC%D0%B0%D1%86%D0%B8%D0%BE%D0%BD%D0%BD%D1%8B%D0%B9-
%D0%BF%D0%BE%D1%80%D1%82%D0%B0%D0%BB-
%D1%80%D0%B5%D1%81%D0%BF%D1%83%D0%B1%D0%BB%D0%B8%D0%BA%D0%B0/%D0%BA%D0%B0%D0%BA-%D0%B8%D1%81%D0%BF%D0%B0%D0%BD%D1%81%D0%BA%D0%B8%D0%B5-
%D1%81%D1%83%D0%B4%D1%8C%D0%B8-
%D1%80%D0%B0%D0%B1%D0%BE%D1%82%D0%B0%D1%8E%D1%82-%D0%BD%D0%B0-
%D0%BA%D0%B0%D0%B7%D0%B0%D1%85%D1%81%D1%82%D0%B0%D0%BD/601833419917186
and
https://www.facebook.com/notes/%D0%B8%D0%BD%D1%84%D0%BE%D1%80%D0%BC%D0%B0%D1%86%D0%B8%D0%BE%D0%BD%D0%BD%D1%8B%D0%B9-
%D0%BF%D0%BE%D1%80%D1%82%D0%B0%D0%BB%D0%B0-
%D1%80%D0%B5%D1%81%D0%BF%D1%83%D0%B1%D0%BB%D0%B8%D0%BA%D0%B0/%D0%BA%D0%B0%D0%BA-%D0%B8%D1%81%D0%B1%D0%B8%D1%81%D1%82%D1%8B-
%D0%B0%D0%BA%D0%BE%D1%80%D0%B4%D1%8B-
%D1%80%D0%B0%D0%B1%D0%BE%D1%82%D0%B0%D1%8E%D1%82-%D0%BF%D0%BE-
%D0%B4%D0%B5%D0%BB%D1%83-%D0%BF%D0%B0%D0%B2%D0%BB%D0%BE%D0%B2%D0%B0-
%D0%B2%D0%B8%D1%81%D0%BF%D0%B0%D0%BD%D0%B8%D0%B8/604773642956497.

participating with you, from using, disclosing, disseminating, posting, displaying, sharing, distributing, hosting, copying, viewing, accessing, providing access to or making available to anyone, in any manner whatsoever, the materials stolen by you from the computer system of the Republic of Kazakhstan and from the Gmail accounts of officials of the Republic of Kazakhstan.

A copy of the Order to Show Cause can be found at the following link:  www.facebook.com/KazakhstanvDoes.   The Court has directed the parties to appear before it with respect to the Preliminary Injunction on March 20, 2015 at 2:00 p.m., Eastern Daylight Time at the following location:   the United States Courthouse for the Southern District of New York, 40 Foley Square, New York, NY 10007.

If you are represented by an attorney, please let us know and we will notify your counsel of the date and time selected by the Court.

Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, NY 10178-0061
Att: Jacques Semmelman, Esq.
jsemmelman@curtis.com
Attorneys for the Republic of Kazakhstan

8.      In addition, service was effectuated via newspaper publication.  On March 18, 2015, the Republic of Kazakhstan, through counsel, purchased space in two newspapers in Kazakhstan, *Kazakhstanskaya Pravda* and *Egemen Kazakhstan*, for daily publication (five days a week) for six weeks of the same notice, translated into the Russian (in *Kazakhstanskaya Pravda*) and Kazakh (in *Egemen Kazakhstan*) languages respectively.

9.      These two methods of service constitute proper service under the Federal Rules of Civil Procedure as they were reasonably intended to provide actual notice of the Complaint, Motion for a Temporary Restraining Order and Preliminary Injunction, and March 20, 2015 preliminary injunction hearing date to the Defendants.  There is good cause to believe the Defendants are outside the United States, and Defendants' identities and contact information are not currently known.

10.     On or about January 21, 2015, Plaintiff learned of unauthorized public postings of certain of its privileged and confidential emails, and thereby became aware that its computer system had been hacked.

11.     The Hacked Computers are "protected computers" under 18 U.S.C. § 1030(e)(2)(B), which defines a "protected computer" to include a computer "which is used in or affecting interstate or foreign commerce or communication, including a computer located outside the United States that is used in a manner that affects interstate or foreign commerce or communication of the United States." The Hacked Computers are used for commerce and communication with the United States, including with persons and entities in New York.

12.     Plaintiff has launched an investigation to try to determine the identity of the hackers and their confederates, the precise scope of the intrusion, and the extent of the damages caused. That investigation is ongoing.

13.     The officials whose emails and other documents have been misappropriated include Marat Beketayev, the Executive Secretary of the Ministry of Justice of the Republic of Kazakhstan, and Andrey Kravchenko, a Deputy General Prosecutor in the General Prosecutor's Office of the Republic of Kazakhstan. The Hacked Computers contain a large number of emails and other documents sent or received by these officials and other officials of the Republic of Kazakhstan. Many of these emails and other documents contain sensitive, proprietary, and highly confidential communications of the Ministry of Justice and/or the General Prosecutor's Office. Of those, some consist of privileged communications between the Republic of Kazakhstan and its outside attorneys in the United States (including some in New York City) and elsewhere.

14.     The Hacked Computers are connected to the internet and are used in connection with foreign commerce and communication, including with (among others) the

United States.  This communication includes, *inter alia*, correspondence with Plaintiff's outside U.S. counsel at Curtis, Mallet-Prevost, Colt & Mosle LLP ("Curtis"), a global law firm headquartered at 101 Park Avenue, New York, NY 10178-0061.

15.     Curtis lawyers who represent and provide legal advice and assistance to the Republic of Kazakhstan include Askar Moukhidtinov, Esq. (a member of the bar of the State of Connecticut and of the Republic of Kazakhstan), and Jacques Semmelman, Esq. (a member of the bar of the States of New York, New Jersey, and Pennsylvania, and a member of the bar of this Court).  Mr. Semmelman maintains his office in Curtis's New York headquarters.

16.     There is good cause to believe that Defendants have already posted some of the Stolen Materials to various websites, including https://kazaword.wordpress.com, www.respublika-kaz.info, and https://www.facebook.com.  At least fourteen emails from among the Stolen Materials have been posted to these sites.  The fourteen posted emails consist of privileged and confidential attorney-client communications sent to officials of the Republic of Kazakhstan by Curtis or by Gomez-Acebo & Pombo, a global law firm headquartered in Spain that has been performing legal services on behalf of, and has been providing legal advice to, the Republic of Kazakhstan.  The fourteen emails that have been publicly disclosed by the Defendants are attorney-client privileged communications from the two law firms to their mutual client, the Republic of Kazakhstan.  Among the senders or "cc" recipients of these misappropriated and publicly posted emails are Mr. Moukhidtinov and Mr. Semmelman.

17.     There is good cause to believe that Plaintiff has already been damaged by the illegal misappropriation, and by the public dissemination of just a small portion of the Stolen Materials.  Plaintiff has been forced to hire attorneys and investigators in order to try to understand the scope of the intrusion and the extent of the harm caused, and to remediate the harm.

18.     There is good cause to believe that it is not feasible to monetize all of the damage that has already occurred, as the misappropriation and disclosure of privileged attorney-client communications, as well as other sensitive, proprietary, and confidential communications of the Ministry of Justice and the General Prosecutor's Office of the Republic of Kazakhstan, does not lend itself to quantification.

19.     There is good cause to believe that any *further* disclosure of the Stolen Materials will inevitably result in additional irreparable harm to Plaintiff, as it is likely that further disclosures of the Stolen Materials will reveal additional sensitive, proprietary, and confidential information that belongs to the Republic of Kazakhstan, including privileged communications between the Republic of Kazakhstan and its attorneys located in the U.S. and elsewhere.

20.     There is good cause to believe that Plaintiff has suffered and continues to suffer damage and loss (in excess of $5,000) by reason of Defendants' wrongful conduct.

21.     Based on the evidence cited in Plaintiff's Motion and accompanying declaration and exhibits, the Court finds that Plaintiff is likely to prove a violation of 18 U.S.C. §§ 1030(a)(2)(C), (a)(5)(B), and (a)(5)(C).  There is good cause to believe that Defendants intentionally accessed the Hacked Computers without authorization, and misappropriated the Stolen Materials in violation of 18 U.S.C. § 1030(a)(2)(C).  In addition, there is good cause to believe that Defendants' intentional and unauthorized accessing of Plaintiff's protected computers has resulted in substantial damages and loss (in excess of $5,000), including the costs associated with remediating the unauthorized access, in violation of 18 U.S.C. § 1030(a)(5)(B) and (a)(5)(C).

22.     There is good cause to believe that Plaintiff will continue to suffer irreparable harm if Defendants are not preliminarily enjoined from further dissemination of the

Stolen Materials.  Defendants have already posted at least fourteen emails from among the Stolen Materials to various publicly available websites.  These fourteen emails are attorney-client privileged communications from two law firms (one based in New York City) to their mutual client, the Republic of Kazakhstan.  The harm from such disclosure cannot be quantified and is irreparable.

23.     Based on the evidence cited in Plaintiff's Motion and accompanying declarations and exhibit, the Court finds that Plaintiff will suffer irreparable harm if Defendants are not enjoined from further disclosure of the Stolen Materials.  There is good cause to believe that any further disclosure of the Stolen Materials will inevitably result in additional irreparable harm to Plaintiff, as it is likely that further disclosures of the Stolen Materials will reveal additional sensitive, proprietary, and confidential information that belongs to the Republic of Kazakhstan, including privileged communications between the Republic of Kazakhstan and its attorneys located in the U.S. and elsewhere.

24.     Based on the evidence cited in Plaintiff's Motion and accompanying declaration and exhibits, the Court finds that the balance of hardships tips decidedly in Plaintiff's favor.  If the requested relief is denied, Plaintiff will suffer serious and irreparable harm from Defendants' further disclosure of the Stolen Materials.  By contrast, Defendants will not suffer any cognizable injury at all if they are enjoined from further dissemination of the Stolen Materials.  The Stolen Materials were misappropriated after Defendants illegally hacked into Plaintiff's computers and into Gmail accounts used from time to time by officials of the Republic of Kazakhstan to conduct official government business.   The Defendants have no rights to the Stolen Materials.

25.     Based on the evidence cited in Plaintiff's Motion and accompanying declarations and exhibit, the Court finds that the public has an interest in a preliminary injunction

being issued against Defendants enjoining them from further dissemination of the Stolen

Materials.  The public has an interest in deterring and preventing computer and cyber crime, and

in preventing exploitation of information illegally obtained through hacking.  In addition, the

public has an interest in seeing that the integrity and safety of attorney-client communications is

protected.

## PRELIMINARY INJUNCTION

### IT IS THEREFORE ORDERED that:

1.      Defendants, their affiliates, employees, agents, and representatives, and all

persons acting in concert with or participating with Defendants, are enjoined from using,

disclosing, disseminating, posting, displaying, sharing, distributing, hosting, copying, viewing,

accessing, providing access to or making available to anyone, in any manner whatsoever, the

Stolen Materials;

2.      Defendants, their affiliates, employees, agents, and representatives, and all

persons acting in concert with or participating with Defendants, must immediately deliver to

Plaintiff:  (a) all copies of the Stolen Materials; and (b) all copies of any materials (in paper,

electronic, or any other form) that contain or reflect any information derived from the Stolen

Materials; and

3.      Defendants, their affiliates, employees, agents, and representatives, and all

persons acting in concert with or participating with Defendants, must turn over to the Court any

proceeds that Defendants have received as a result of their misappropriation and use of the

Stolen Materials, such proceeds to be held in constructive trust until the conclusion of this

litigation.

**IT IS FURTHER ORDERED** that Plaintiff's bond in the amount of $1,000.00 currently on deposit with the Court's registry is a proper amount and shall serve as security.

So Ordered this 20th day of March 2015.

_____

UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK