UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                                                         :
THE REPUBLIC OF KAZAKHSTAN,                                              :
                                                                         :
                            Plaintiff,                                   :
                                                                         :
                -against-                                                :
                                                                         :  15 Civ. 1900 (ER)
DOES 1-100 INCLUSIVE,                                                    :
                                                                         :
                            Defendants.                                  :
                                                                         :
------------------------------------------------------------------------ X


**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
FOR THE ISSUANCE OF LETTERS ROGATORY**

Plaintiff The Republic of Kazakhstan ("Plaintiff") moves, pursuant to Fed. R. Civ. P. 28(b)(2) and 28 U.S.C. § 1781(b)(2), for issuance of letters rogatory requesting the assistance of the New Zealand High Court in obtaining evidence from Mega Limited ("Mega"), a company based in New Zealand.  As set forth below, someone has uploaded onto Mega's website numerous files that collectively contain over 100,000 documents stolen by hackers from the computer systems of the Republic of Kazakhstan.  Plaintiff seeks to use the letters rogatory process to obtain the relevant information from Mega to identify whoever uploaded these files.

## STATEMENT OF FACTS

### A. The Hacking Of Plaintiff's Computers And Accounts

On or about January 21, 2015, Plaintiff learned of unauthorized public postings of certain of its privileged and confidential emails, and thereby became aware that its computer systems and other accounts had been hacked by unknown hackers.  (ECF No. 06 at ¶ 7.)

The hackers unlawfully accessed Plaintiff's computers, as well as Gmail accounts used from time to time by Plaintiff's officials to conduct official government business, and misappropriated government emails and other documents containing sensitive, proprietary, and highly confidential government documents (the "Stolen Materials").  (ECF No. 06 at ¶ 8.)

The hackers or their confederates have posted some of the Stolen Materials onhttps://mega.co.nz/, a website hosted by Mega, a company based in New Zealand.  There is a different website, https://kazaword.wordpress.com, which contains hyperlinks to Mega's website.  A user who clicks on the hyperlinks is redirected to a specific Mega archive that contains a portion of the Stolen Materials.  There are at least 23 files/archives on Mega that contain or that once contained Stolen Materials.  The files/archives on Mega's website collectively contain over 100,000 documents from among the Stolen Materials.  It appears from

the posts that these files were uploaded to Mega between August of 2014 and April of 2015. (Declaration of Nicole M. Mazanitis, dated May 21, 2015 ("Mazanitis Decl."), at ¶ 7.)

The hackers or their confederates have also posted on the Mega website 27 articles that contain screenshots of extensive excerpts from the Stolen Materials. The www.facebook.com and www.respublika-kz.info websites contain links that redirect the user to the 27 articles posted on the Mega website. (Mazanitis Decl., at ¶ 9.)

### B. The Temporary Restraining Order And Preliminary Injunction

On March 12, 2015, Plaintiff filed a Complaint in this Court against Doe Defendants (the unknown hackers), based upon violation of The Computer Fraud and Abuse Act, 18 U.S.C. § 1030. (ECF No. 01.)

On March 13, 2015, Plaintiff filed a Motion, by Order to Show Cause, for a Temporary Restraining Order and Preliminary Injunction, requesting that the Court order that "Defendants, their affiliates, employees, agents, and representatives, and all persons acting in concert with or participating with Defendants, are enjoined from using, disclosing, disseminating, posting, displaying, sharing, distributing, hosting, copying, viewing, accessing, providing access to or making available to anyone, in any manner whatsoever, the Stolen Materials." That same day, the Court executed the Order to Show Cause and granted the Motion for a Temporary Restraining Order. (ECF No. 03.)

On March 20, 2015, the Court converted the Temporary Restraining Order into a Preliminary Injunction, and ordered that:

> Defendants, their affiliates, employees, agents, and representatives, and all persons acting in concert with or participating with Defendants, are enjoined from using, disclosing, disseminating, posting, displaying, sharing, distributing, hosting, copying, viewing, accessing, providing access to or making available to anyone, in any manner whatsoever, the Stolen Materials;

> Defendants, their affiliates, employees, agents, and representatives, and all persons acting in concert with or participating with Defendants, must immediately deliver to Plaintiff: (a) all copies of the Stolen Materials; and (b) all copies of any materials (in paper, electronic, or any other form) that contain or reflect any information derived from the Stolen Materials; and
>
> Defendants, their affiliates, employees, agents, and representatives, and all persons acting in concert with or participating with Defendants, must turn over to the Court any proceeds that Defendants have received as a result of their misappropriation and use of the Stolen Materials, such proceeds to be held in constructive trust until the conclusion of this litigation.

(ECF No. 10 at p. 9.)

Also on March 20, 2015, the Court granted Plaintiff leave to serve expedited third-party discovery. (Tr. Mar. 20, 2015 at pp. 6-9.)

### C.   Plaintiff's Requests For Information To Mega

The Mega website contains at least 23 files that collectively contain or once contained over 100,000 documents from among the Stolen Materials, and also contains 27 files that contain screenshots of excerpts of emails stolen by Plaintiff. (Mazanitis Decl. ¶¶ 6-7, 9.) Mega now hosts these documents. Plaintiff does not know who uploaded these files to the Mega website. Mega should accordingly have information that will help identify who uploaded these files, such as the IP addresses, MAC addresses, email addresses, contact information, account information, and payment information for the accounts that were used to upload the Stolen Materials onto the Mega website. This information is essential to identifying at least some of the "Does" named as defendants in the Complaint, and could lead to admissible evidence at trial. Because Mega is based in New Zealand, and is not known to have a presence in the United States, it is necessary to use the letters rogatory process.[1] (Mazanitis Decl. ¶ 11.)

---

[1] New Zealand is not a party to the Hague Convention on Taking Evidence Abroad in Civil or Commercial Matters.

Accordingly, Plaintiff requests that the Court grant its motion for letters rogatory requesting the assistance of the New Zealand High Court in obtaining documents from Mega sufficient to identify the IP addresses, MAC addresses, email addresses, contact information, account information, and payment information for the accounts that were used to upload the Stolen Materials onto the Mega website.[2]

## ARGUMENT

### THE COURT SHOULD GRANT PLAINTIFF'S MOTION FOR THE ISSUANCE OF LETTERS ROGATORY

**A.   The Court Has Authority To Issue Letters Rogatory**

Letters rogatory are the means by which a court can formally request that a court in another country lend its judicial assistance in obtaining evidence or performing some other judicial act. *See, e.g., Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 776 (S.D.N.Y. 2012); *see also* 28 U.S.C. § 1781(b)(2). This Court has the authority to issue letters rogatory pursuant to Fed. R. Civ. P. 28(b) and 28 U.S.C. § 1781(b)(2). *See Lantheus Med. Imaging*, 841 F. Supp. 2d at 776; *Netherby Ltd. v. Jones Apparel Grp., Inc.*, No. 04 Civ. 7028 (GEL), 2005 U.S. Dist. LEXIS 9769, at *1 (S.D.N.Y. May 18, 2005).

**B.   The Evidence Sought Is Relevant**

In making the determination of whether to issue letters rogatory, courts apply the relevance standards of Fed. R. Civ. P. 26. *See Lantheus Med. Imaging*, 841 F. Supp. 2d at 776; *see also Bisnews AFE (Thailand) Ltd. v. Aspen Research Grp. Ltd.*, No. 11 Civ. 3108, 2012 U.S. Dist. LEXIS 144917, at *7 (S.D.N.Y. Oct. 4, 2012) (noting that "a court should not authorize the service of letters rogatory if it would not approve of the discovery requests in a purely domestic

---

[2] Plaintiff respectfully submits a Proposed Order Granting Plaintiff's Motion for the Issuance of Letter Rogatory as Exhibit 1 to the Mazanitis Declaration, and a form of the Letter of Request For Assistance in Civil Proceedings as Exhibit 2 to the Mazanitis Declaration.

context."). "Although not unlimited, relevance, for purposes of discovery, is an extremely broad concept." *Chen–Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 561 (S.D.N.Y. 2013) (internal quotation marks omitted). Information that is relevant to any claim or defense of any party is discoverable, as well as information "reasonably calculated to lead to the discovery of admissible evidence," whether or not such information is itself admissible. Fed. R. Civ. P. 26(b)(1).

Courts have routinely granted motions for letters rogatory where (as here) the movant has made a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence. *See Netherby*, 2005 U.S. Dist. LEXIS 9769, at *1 (granting motion for letters rogatory to permit third-party discovery in Canada); *Elliott Assocs. v. Republic of Peru*, No. 96 Civ 7917 (RWS), 1997 U.S. Dist. LEXIS 11185, at *4 (S.D.N.Y. Aug. 1, 1997) (granting motion for letters rogatory to take testimony in the United Kingdom), *rev'd on other grounds*, *Elliott Assocs. v. Banco de la Nacion*, 194 F.3d 363 (2d Cir. 1999); *Philan Ins. Ltd. v. Frank B. Hall & Co.*, No. 87 Civ. 4624 (RPP), 1992 U.S. Dist LEXIS 11094, at *6 (S.D.N.Y. July 21, 1992) (granting motion for letters rogatory because the records sought might lead to relevant evidence and might assist plaintiffs in proving damages); *B & L Drilling Elec. v. Totco*, 87 F.R.D. 543, 545 (W.D. Okla. 1978) (granting motion to issue letters rogatory directed to appropriate authority in Canada).

Plaintiff's request that an appropriate representative of Mega attend the New Zealand High Court to produce documents sufficient to identify the IP addresses, MAC addresses, email addresses, contact information, account information, and payment information for the accounts that were used to upload a file that contains any Stolen Materials, could reasonably lead to the identification of at least some of the "Does" named as defendants. Identifying the defendants is critical to proceeding with this action and holding the defendants

accountable for their wrongdoing.  It is also critical to enforcing the Preliminary Injunction against the Defendants, and is reasonably calculated to lead to admissible evidence.

Plaintiff's request is narrowly tailored, and calls only for "documents sufficient to identify" the IP address, the MAC address, email address, contact information, account information, and payment information for the accounts that were used to upload the Stolen Materials onto the Mega website.  Links to each of the files are provided in the Letter of Request For Assistance in Civil Proceedings (Mazanitis Decl. Ex. 2), to enable Mega to easily identify the files at issue.  Further, Plaintiff's request for information is in accordance with New Zealand law.  (Declaration of Daniel Kalderimis, dated May 7, 2015, at ¶ 5.)

Finally, Plaintiff is unable to obtain this information by any other means.  Mega is believed to be the sole custodian of information identifying the IP addresses, MAC addresses, email addresses, contact information, account information, and payment information of the persons who uploaded the Stolen Materials onto Mega's website.  (Mazanitis Decl. ¶ 10.)

**CONCLUSION**

Plaintiff respectfully requests that the Court grant Plaintiff's motion for the issuance of letters rogatory.

Dated: New York, New York
       May 21, 2015

                                      Respectfully submitted,

                                      CURTIS, MALLET-PREVOST,
                                         COLT & MOSLE LLP

                                By:     */s/Jacques Semmelman*
                                        Jacques Semmelman (JS 5020)
                                        jsemmelman@curtis.com
                                        Michael R. Graif (MG 4795)
                                        mgraif@curtis.com

101 Park Avenue
New York, New York 10178
(212) 696-6000

*Attorneys for Plaintiff The Republic of Kazakhstan*