UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                                                         :
THE REPUBLIC OF KAZAKHSTAN,                                              :
                                                                         :
                                  Plaintiff,                             :
                                                                         :
                          -against-                                      :
                                                                         :   15 Civ. 1900 (ER)
DOES 1-100 INCLUSIVE,                                                    :
                                                                         :
                                  Defendants.                            :
                                                                         :
------------------------------------------------------------------------ X

## DECLARATION OF JACQUES SEMMELMAN
## IN SUPPORT OF MOTION FOR THE ISSUANCE
## OF LETTER OF REQUEST UNDER THE HAGUE CONVENTION

Jacques Semmelman declares as follows under penalty of perjury and pursuant to 28 U.S.C. § 1746:

1.      I am an attorney admitted to practice law in New York, New Jersey, and Pennsylvania, as well as in this Court and in several other federal courts.  I am a member of the law firm Curtis, Mallet-Prevost, Colt & Mosle LLP, counsel to Plaintiff the Republic of Kazakhstan in the above-captioned action.  I have knowledge of the facts set forth herein.

2.      I submit this Declaration in support of Plaintiff's Motion, pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"), for the Issuance of a Letter of Request to the Central Authority of the Republic of Poland, to take the videotape deposition of Muratbek Ketebaev ("Ketebaev").

**Proposed Letter of Request**

3.      Attached hereto as Exhibit 1 is a proposed Letter of Request.

**The Hacking and Postings**

4.      Attached hereto as Exhibit 2 is a true and correct copy of a document obtained from IRC Company, Inc. d/b/a /Black Lotus Communications ("Black Lotus").  Black Lotus is the web host for a website of "Respublika," an entity that has posted documents from among the Stolen Materials on its website http://www.respublika-kz.info (the "Respublika Website") and on its Facebook page, https://www.facebook.com/respublika.kaz.info.  eNom, Inc. is the domain registrar for the Respublika Website.  As shown in Exhibit 2, Ketebaev is listed in the files of Black Lotus as a "primary contact" for Respublika.  (Ex. 2.)  Documents from among the Stolen Materials have been posted on various websites and web pages linked to or controlled by Ketebaev, including the Respublika Website, Respublika's Facebook page and Ketebaev's personal Facebook page, https://www.facebook.com/mur.ketebayev.  The two posts that alerted Plaintiff to the existence of the hacking, and that were cited in support of Plaintiff's Motion for a Temporary Restraining Order (the "TRO") (ECF 006 at p. 4), were posts from Respublika's Facebook page.  Just days after the TRO was issued and served, inter alia, through notes posted by the undersigned law firm on Respublika's Facebook page, the two posts were removed.  (ECF 008 at pp. 2-3.)

5.      Since then, on several occasions, additional documents from among the Stolen Materials have been posted on the Respublika Website, on Respublika's Facebook page or on Ketebaev's personal Facebook page.

6.      While these websites are now known to be linked to Ketebaev, other websites have also posted documents from among the Stolen Materials.  These websites include https://kazaword.wordpress.com and https://mega.nz.  Automattic, Inc. is the web host for https://kazaword.wordpress.com.  Plaintiff is still investigating who is behind these additional websites.

7.      Although the precise date of the hacking has yet to be determined, the evidence adduced to date points to the summer of 2014, no later than August.

**Alexandr Pavlov**

8.      Since July 2013, I have been advising and assisting the Republic of Kazakhstan in efforts to obtain the extradition of Alexandr Pavlov from the Republic of Spain. Based on my familiarity with and involvement in that case, I am aware of the following facts.

9.      Alexandr Pavlov, a Kazakh national, was a limousine driver and henchman for Mukhtar Ablyazov.  Pavlov was charged by the Republic of Kazakhstan with participating in a massive scheme to defraud BTA Bank JSC.  Pavlov was also charged with planning a terrorist attack in Kazakhstan that was intercepted and aborted.  Pavlov fled Kazakhstan and eventually entered Spain using a false passport.  The Republic of Kazakhstan requested his extradition.  The Spanish courts found him extraditable.  Pavlov declared himself a political refugee and applied for asylum in Spain.

10.     On July 17, 2014, a Spanish judicial panel reversed a decision of the Ministry of the Interior that had denied Pavlov's application for asylum.  The panel found that the Ministry had not properly evaluated whether Pavlov was at risk of political persecution, and directed the Ministry to conduct a de novo asylum proceeding that took that issue into account.

11.     As reflected in an Order of the Spanish Supreme Court dated February 17, 2015, Pavlov's asylum application relied heavily on his representation that his boss Ablyazov had been granted asylum in the United Kingdom.  Although literally true, in 2014 the UK Secretary of State had initiated proceedings to revoke Ablyazov's asylum after he had been found by the UK High Court of Justice to have committed major fraud, and had been sentenced to 22 months in prison for contempt of court.  It appears that Pavlov did not disclose these facts to the Spanish court, and because this was an asylum proceeding, the Republic of Kazakhstan

was precluded from participating.  By Order dated February 17, 2015, relying heavily on the half-truth that Ablyazov had been granted asylum in the UK, the Spanish court granted asylum to Pavlov.

### Exhibits

12.     Attached hereto as Exhibit 3 is a true and correct copy of an Order of the UK High Court of Justice (the "High Court") dated February 16, 2012.

13.     Attached hereto as Exhibit 4 is a true and correct copy of an Approved Judgment of the High Court dated February 16, 2012.

14.     Attached hereto as Exhibit 5 is a true and correct copy of an Order of the High Court dated November 23, 2012, as amended January 25, 2013.

15.     Attached hereto as Exhibit 6 is a true and correct copy of a Judgment of the High Court dated March 19, 2013.

16.     Attached hereto as Exhibit 7 is a true and correct copy of a Transcript of Proceedings in the High Court dated April 23, 2014.

17.     Attached hereto as Exhibit 8 is a true and correct copy of an Approved Judgment of the High Court dated August 8, 2014.

18.     Attached hereto as Exhibit 9 is a true and correct copy of an article by Dan Bilefsky titled *French court permits extradition of Kazakh banker*, New York Times, Jan. 10, 2014.

19.      Attached hereto as Exhibit 10 is a true and correct copy of an article titled *Top French court approves extradition of Kazakh banker*, Associated Press, Mar. 4, 2015

20.     Attached hereto as Exhibit 11 is a true and correct copy of an article titled *France – Kazakhstan – French Court blocks Kazakh oligarch's extradition*, Radio France Internationale, Apr. 9, 2014.

21.     Attached hereto as Exhibit 12 is a true and correct copy of a Statement by Sergei Nikolaevich Perov, Head of the Investigative Department of the Anticorruption Service Agency of the Republic of Kazakhstan.

22.     Attached hereto as Exhibit 13 is a true and correct copy of a handwritten document dated October 4, 1997.  It is an exhibit to Mr. Perov's Statement.

23.     Attached hereto as Exhibit 14 is a true and correct copy of a handwritten document dated November 3, 1997, with an attached chart.  It is an exhibit to Mr. Perov's Statement.

24.     Attached hereto as Exhibit 15 is a true and correct copy of a cover letter written in Kazakh dated February 14, 2013, with an attached three-page chart in Russian.  It is an exhibit to Mr. Perov's Statement.

25.     Attached hereto as Exhibit 16 is a true and correct copy of a Record of Additional Interrogation of a Witness named Svetlana Lvovna Nachinkina.

26.     Attached hereto as Exhibit 17 is a true and correct copy of a Record of Additional Interrogation of a Witness named Eleanora Sergokyzy Sergo.

27.     Attached hereto as Exhibit 18 is a true and correct copy of a Record of Interrogation of Accused named Yerlan Turanbekovich Kosayev.

28.     Attached hereto as Exhibit 19 is a true and correct copy of an Expert Opinion by Larisa Sharafutdinova Shegabayeva.

29.     Attached hereto as Exhibit 32 is a Proposed Order Granting Plaintiff's Motion for the Issuance of a Letter of Request.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.  EXECUTED THIS 21ST DAY OF MAY, 2015 IN NEW YORK, NEW YORK.


*/s/Jacques Semmelman*
Jacques Semmelman