
**Davis Wright Tremaine LLP**

1633 Broadway
27th Floor
New York, NY 10019-6708

**James Rosenfeld**
212.603.6455 tel
212.489.8340 fax

jamesrosenfeld@dwt.com

June 25, 2015

**VIA ECF**

The Honorable Edgardo Ramos
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2210
New York, NY 10007

Re:   *The Republic of Kazakhstan v. Does 1-100 (Inclusive)*, **Case No. 1:15-cv-01900 (ER)**

Dear Judge Ramos:

  We represent nonparties Respublika, a Kazakhstan newspaper, and LLC Media-Consult, the owner of Respublika (collectively "Respublika"). Plaintiff, the Republic of Kazakhstan ("Kazakhstan"), has misconstrued and abused this Court's March 20, 2015 Order Granting Plaintiff's Motion for Preliminary Injunction ("Order"), using the Order to censor Respublika and broadly remove criticism of the Kazakhstan government from the Internet, in violation of the First Amendment. Respublika, as an interested non-party, intends to move for clarification of the Order to prevent continued abuses. We write pursuant to Your Honor's Individual Rules of Practice—specifically § 2.A.ii—in order to request a pre-motion conference.[1]

  By way of background, Respublika will show that it has been subject to persecution by Kazakhstan since 2002 as a result of its investigative reporting on President Nazarbayev's regime. The U.S. State Department's 2013 Country Report on Human Rights Practices for Kazakhstan (http://www.state.gov/j/drl/rls/hrrpt/humanrightsreport/index.htm?year=2013&dlid=220395) documents the pervasive harassment and intimidation campaigns waged by the Kazakhstan government against the press, noting that the government had "limited freedom of expression and controlled the media through a variety of means, including laws, harassment, licensing regulations, internet restrictions, and criminal and administrative charges." The report specifically notes that the government has banned *Golos Respubliki*—the print newspaper circulated by Respublika from 2009 to 2013—and permanently blocked Respublika's website, respublika-kaz.info. Respublika's founders have also been subject to extreme harassment and intimidation by the government.

---

[1] We met and conferred with Kazakhstan's counsel regarding our intent to file this motion on June 19, 2015, and again on June 22 and 24, in an attempt to resolve our disagreement concerning the scope of the Order. We were, however, unable to reach an agreement.

Anchorage | New York | Seattle
Bellevue | Portland | Shanghai
Los Angeles | San Francisco | Washington, D.C.    www.dwt.com

The Honorable Edgardo Ramos
June 25, 2015
Page 2

The Court's Order enjoins unnamed defendants—*i.e.*, the individuals allegedly responsible for or otherwise associated with the unauthorized access of documents from Kazakhstan computers and Gmail accounts—from further disseminating, using, or viewing those documents. Continuing its harassment campaign, Kazakhstan has used the Order to censor Respublika, a news entity that had nothing to do with the unlawful activity alleged. Since this Court issued its Order on March 20, 2015, Kazakhstan has sent multiple letters and/or emails to Black Lotus Communications, Respublika's current web host. These communications have demanded that Black Lotus remove at least 47 specific articles from the Web, citing this Court's Order as the authority for so doing. And in its latest letter, dated June 12, 2015, Kazakhstan's counsel requested that Black Lotus disable Respublika's website in its entirety, arguing that such was required to ensure compliance with the Order. As a result, articles about Kazakhstan's corruption are now censored in the United States to a greater extent than in other parts of the world based on the purported authority of this Court's Order. Kazakhstan has also subpoenaed Facebook, and Respublika's web host and domain registrar, to obtain sensitive personal identifying information about the authors and readers of Respublika's articles.

Kazakhstan is misusing the Order in the following respects:

**There Has Been No Judicial Determination that the Order Applies to Respublika or its Articles; Kazakhstan Alone is Deciding Whom and Which Specific Articles are Subject to the Order.** Kazakhstan has not offered any evidence, and none exists, that Respublika or any of its editors, reporters, staff, or contributors were involved in the unauthorized access of Kazakhstan's documents. Nor did they instruct or encourage anyone to obtain unauthorized access. Respublika found the documents the same way the rest of the world did—after 69 gigabytes of documents were anonymously posted to kazaword.wordpress.com. Respublika reported on the information contained within some of those documents, as did many other media outlets around the world. Neither Respublika nor its editors were named in the Complaint or the Preliminary Injunction even though they are known to Kazakhstan. Furthermore, the Order does not specify any articles that must be removed; it refers only generally to the "Stolen Materials." This Court has not otherwise adjudged any specific article to be subject to the Order. Kazakhstan, however, has asserted to Black Lotus that the Order requires at least 47 specific articles to be removed. As explained below, none of the article can be subject to the Order. But some are not even arguably described in the Order: at least four articles were based on information obtained from sources other than the documents posted at https://kazaword.wordpress.com and at least three articles were sourced from other European news publications.

**The First Amendment Prohibits Application of the Court's Order to Block Respublika's Publication of Articles Regarding the Kazakhstan Documents.** The First Amendment shields from liability anyone who republishes materials that are a matter of public interest, even if a source illegally obtained them, and even if the republisher knew that they were obtained illegally. *Bartnicki v. Vopper*, 532 U.S. 514, 534-35 (2001) ("[A] stranger's illegal

The Honorable Edgardo Ramos
June 25, 2015
Page 3

conduct does not suffice to remove the First Amendment shield from speech about a matter of public concern."). Thus, the Order can only be applied against those who themselves illegally obtained the Kazakhstan documents. Those, like Respublika, who merely republished or reported on them, cannot be subject to the Order. Kazakhstan's attempt to wield the Court's Order in this improper way violates these First Amendment principles.

**The First Amendment Prohibits the Application of the Order as a Prior Restraint.** *Bartnicki* addressed post-publication liability. But under the First Amendment, prior restraints—orders preventing publication or requiring depublication—are even more strongly disfavored. In the seminal *Pentagon Papers* case, *New York Times Co. v. United States*, 403 U.S. 713, 714 (1973), the Supreme Court struck down an attempt to bar publication of information of great public concern obtained from documents allegedly illegally obtained by a third party.

**The Order Implicates Respublika's Rights Under the Reporter's Privilege, but the Appropriate Analysis Was Not Performed.** The Order requires the John Doe defendants, "their affiliates, employees, agents and representatives, and all persons acting in concert with or participating with Defendants" to deliver "all copies of any materials . . . that contain or reflect any information derived from the Stolen Materials." Order at 9. To the extent Kazakhstan uses the Order to target Respublika, as it seems bent on doing, this broad language would require production of confidential notes and source materials. However, Respublika, like other news entities, enjoys protection against the compelled disclosure of its unpublished journalistic information. The Second Circuit requires "a clear and specific showing that the information is: highly material and relevant, necessary or critical to the maintenance of the claim, and not obtainable from other available sources" before a journalist can be ordered to produce such information. *In re Petroleum Products Antitrust Litig.*, 680 F.2d 5, 7 (2d Cir. 1982), *cert denied*, 459 U.S. 909 (1982)). Kazakhstan has not attempted to and could not make such a showing.

**The Order Would Violate the First Amendment if Applied to Respublika Because the Proceeds-Disgorgement Provision Fails Strict Scrutiny.** The Order, if applied to Respublika, would unlawfully chill legitimate reporting on matters of public interest via its mandate that any proceeds received as a result of the use of the Kazakhstan documents be turned over to the Court. *See Simon & Schuster, Inc. v. Members of New York State Crime Victims Bd.*, 502 U.S. 105, 115 (1991) (striking down New York's "Son of Sam Law" requiring disgorgement of profits).

Kazakhstan's misuse of this Court's Order is just the latest tactic in its long-standing campaign to censor Respublika. This Court should not permit Kazakhstan to misuse its Order as a means to continue its campaign to censor dissent. Respublika respectfully requests the Court's permission to move for clarification of the Order.

The Honorable Edgardo Ramos
June 25, 2015
Page 4

        Thank you for Your Honor's attention to this matter.

                                  Respectfully submitted,

                                  James Rosenfeld

cc:    Jacques Semmelman, Esq. (counsel for Kazakhstan)