### CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

| | | | |
|---|---|---|---|
| ALMATY | ISTANBUL | | |
| ASHGABAT | LONDON | | |
| ASTANA | MEXICO CITY | ATTORNEYS AND COUNSELLORS AT LAW | TELEPHONE 212-696-6000 |
| BEIJING | MILAN | | FACSIMILE 212-697-1559 |
| BUENOS AIRES | MUSCAT | 101 PARK AVENUE | WWW.CURTIS.COM |
| DUBAI | PARIS | NEW YORK, NEW YORK 10178-0061 | |
| FRANKFURT | ROME | | |
| HOUSTON | WASHINGTON, D.C. | | |

WRITER'S DIRECT:
TEL.: 212-696-6067
E-MAIL: jsemmelman@curtis.com
FACSIMILE: 212-697-1559

June 30, 2015

**VIA ECF**

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Courtroom 619
New York, NY 10007

      Re:   *The Republic of Kazakhstan v. Does 1 – 100 (Inclusive),* **Civil Action No. 1:15-cv-01900-ER – Response to Request for Pre-Motion Conference**

Dear Judge Ramos:

      We represent plaintiff The Republic of Kazakhstan. We write in response to the letter dated June 25, 2015 (the "June 25 Letter") from Mr. James Rosenfeld, counsel for Respublika and LLC Media-Consult (collectively, "Respublika").

      Respublika's letter is more noteworthy for what it omits than for what it states. As set forth below, *for the past three months*, we have been diligently enforcing the Court's Temporary Restraining Order (the "TRO") and Preliminary Injunction (the "PI") (together, the "Injunction") against U.S. companies that are hosting websites or webpages on which Stolen Materials (as defined in the Injunction) are being improperly posted or disseminated. These include a website and a Facebook page on which Respublika has been posting Stolen Materials. Yet, at no time – until just a few days ago – did Respublika inform us of its position that it does not consider its postings to be subject to the Injunction. To the contrary, all of Respublika's behavior of which we were aware consistently reinforced our understanding that Respublika is subject to the Injunction, especially since it did not claim otherwise and was purporting to comply. As set forth below, when we notified Respublika's U.S.-based web host Black Lotus Communications ("Black Lotus") of the PI and of the Stolen Materials on Respublika's website, Black Lotus communicated with Respublika, and the Stolen Materials were removed *by*

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

Honorable Edgardo Ramos
June 30, 2015

Page 2

*Respublika*. That happened repeatedly. When Respublika suddenly decided to inform us, on June 19, 2015, that it did not consider itself subject to the Injunction, we unilaterally suspended our enforcement efforts against Respublika without prejudice, so that we could investigate Respublika's claim. It is therefore puzzling that Respublika still saw a need to send the Court its June 25 letter, which omits most of the salient facts, including Respublika's own conduct over the past several months.

The two posts that triggered this lawsuit appeared on Respublika's Facebook page. [ECF No. 006-1] Immediately after the Court issued the TRO on March 13, and pursuant to the Court's order regarding service of the TRO, we posted Comments on the Respublika Facebook page alerting Respublika to the Complaint and TRO, and including a link to a special-purpose Facebook page we created pursuant to the TRO that contained PDF copies of the Complaint, the TRO, and the supporting papers, as well as contact information for the undersigned counsel. As I reported to the Court on March 20, by that date the two offending posts had already been removed from the Respublika Facebook page. (Facebook advises that only the administrator of the Respublika Facebook page would have had the ability to remove those posts.) From our perspective, this removal confirmed that (a) someone at Respublika had read the TRO; and (b) that Respublika considered itself bound by the TRO and was complying.

Optimism that Respublika intended to continue to comply was short-lived. Our Comments (concerning the TRO and this litigation) were removed on April 6 by the administrator of the Respublika Facebook page. We re-posted the Comments, and they were removed again. After our third posting of the Comments, they were removed yet again, and this time the Comment feature was disabled. Even worse, Respublika resumed posting Stolen Materials on its Facebook page. On April 6 we provided Facebook with a copy of the PI and asked that Facebook "abide by" the PI. Shortly thereafter, Facebook removed several posts from the Respublika Facebook page that contained Stolen Materials. Over approximately the next two months, this process was repeated multiple times: Stolen Materials would be posted on the Respublika Facebook page, we would notify Facebook, and Facebook would usually take down the posts after some time had passed. At no time did Respublika notify us – directly or through Facebook – that our conduct was inappropriate.

In addition to posting Stolen Materials on its Facebook page, Respublika was also posting Stolen Materials on its own website, http://www.respublika-kaz.info (the "Respublika Website"), which is hosted by Black Lotus. According to Black Lotus, Muratbek Ketebaev is one of the individuals behind the Respublika Website. [ECF No. 24-2] This is the same Muratbek Ketebaev described in detail in our pending Motion for Letters of Request Under the Hague Convention. [ECF No. 23] This information further reinforced our understanding that Respublika was in league with the hackers, a perception Respublika was doing nothing to dispel. Accordingly, on April 23, we provided Black Lotus with a copy of the PI and asked that Black Lotus "abide by" the PI. We arranged a call with Mr. Warren Dewar of Black Lotus on May 5. Mr. Dewar asked me if the PI required a full shutdown of the Respublika Website. I said it did not, and that to the extent there were posts that did not include Stolen Materials, they were not

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

Page 3

Honorable Edgardo Ramos
June 30, 2015

subject to the PI.  Mr. Dewar said that as a technical matter, Black Lotus lacked the ability to take down individual posts (only the entire website), but that Black Lotus would notify Respublika that it had to take down specific posts.  On May 12, Mr. Dewar wrote us that "After receiving the court order we had a conversation with our customer who agreed to remove the items on your list from their website.  I think that we are now in compliance."

Thereafter, on multiple occasions over a period of more than five weeks, we notified Black Lotus of posts that contained Stolen Materials, which were taken down (apparently by Respublika itself).  On June 8, we discovered that Respublika had surreptitiously *backdated* and reposted on the Respublika Website posts substantially similar to posts that had been previously been taken down as containing Stolen Materials.  It thus became apparent that Respublika was engaging in a charade by making a show of taking down posts containing Stolen Materials in compliance with the PI, but then stealthily reposting essentially the same posts in a less overt way, using the device of backdating.  After this discovery, we were forced to consider for the first time requesting a takedown of the entire Respublika Website, as the only effective means of avoiding circumvention.  On June 9 we made such a request to Black Lotus, explaining our rationale.  Black Lotus did not comply, but assured us that it would continue to have Respublika take down individual posts.

It was not until June 19 that I was contacted by Mr. Rosenfeld (author of the June 25 Letter) and informed that it was Respublika's position that it was not bound by the Injunction.

While this belated revelation should be viewed with skepticism, we have nevertheless immediately suspended our efforts to effectuate takedowns by Facebook and by Black Lotus of Respublika's posts that contain Stolen Materials.  We have done this unilaterally, without prejudice, and as a gesture of good faith.  Of course, Respublika's newly-asserted position warrants careful scrutiny.  And the involvement in Respublika of Muratbek Ketebaev, the subject of our pending motion [ECF No. 23], looms large.

We would therefore propose the following.  We would maintain our unilateral suspension of the Injunction as to Respublika (without prejudice) to allow time for discovery so that we can probe deeply into the role played in the hacking by Mr. Ketebaev and (by extension or otherwise) by Respublika.  Following discovery, we would inform the Court if we propose to resume enforcing the Injunction against Respublika.

We appreciate the Court's attention to this matter, and we look forward to the pre-motion conference scheduled for July 14, 2015 at 11:45 a.m.

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

Page 4

Honorable Edgardo Ramos
June 30, 2015

Respectfully,

Jacques Semmelman

cc: James Rosenfeld, Esq.