## CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

ALMATY
ASHGABAT
ASTANA
BEIJING
BUENOS AIRES
DUBAI
FRANKFURT
HOUSTON
ISTANBUL
LONDON
MEXICO CITY
MILAN
MUSCAT
PARIS
ROME
WASHINGTON, D.C.

ATTORNEYS AND COUNSELLORS AT LAW

101 PARK AVENUE
NEW YORK, NEW YORK 10178-0061

TELEPHONE 212-696-6000
FACSIMILE 212-697-1559
WWW.CURTIS.COM

WRITER'S DIRECT:
TEL.: 212-696-6067
E-MAIL: jsemmelman@curtis.com
FACSIMILE: 212-697-1559

September 1, 2015

**VIA ECF**

The Honorable Henry Pitman
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Courtroom 18A
New York, NY 10007

> Re: *The Republic of Kazakhstan v. Does 1 – 100 (Inclusive),*
> Civil Action No. 1:15-cv-01900-ER – Cross-Motion for Discovery

Dear Judge Pitman:

We represent plaintiff the Republic of Kazakhstan ("Plaintiff"). We write in reply to Respublika's and LLC Media-Consult's (collectively, "Respublika") letter dated August 31, 2015, to Plaintiff's cross-motion for expedited discovery (the "August 31 Letter").

In its August 31 Letter, Respublika does not assert that the discovery sought by Plaintiff lacks relevance, or would impose an undue burden on Respublika. Instead, Respublika bases its objections to Plaintiff's requested discovery on three grounds. None has merit: (1) Respublika takes issue with the meet and confer and pre-motion conference process; (2) Respublika contends that it is beyond the jurisdiction of the Court for discovery purposes; and (3) Respublika argues that discovery is largely (but not entirely) barred by the reporter's privilege. We will address each argument in turn.

### A. The Meet And Confer And Pre-Motion Conference Process Was Complied With

Respublika complains that the meet and confer process was not complied with. That is not correct. Respublika itself admits that some two months ago (June 19, 2015) the parties discussed discovery. Respublika did not agree to submit to any discovery. Instead, on June 25, 2015, Respublika wrote to Judge Ramos requesting a pre-motion conference with respect to its motion for clarification of the March 20, 2015 preliminary injunction. (ECF No.

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

Page 2

Honorable Henry Pitman
September 1, 2015

028.) On June 30, 2015, Plaintiff wrote back, requesting that the court hold the proposed motion in abeyance and allow us to take discovery that will shed light on crucial issues implicated by the motion, including Respublika's role in the hacking. (ECF No. 030 at p. 3.) At that time, Respublika did not complain about an inadequate meet and confer on these discovery issues. The parties appeared before Judge Ramos for a pre-motion conference on July 14, 2015. We specifically stated on the record that in connection with our opposition to the motion, we would be seeking discovery: "We are going to need some discovery from people with knowledge, from percipient witnesses, to really understand what happened here. . . . And once we have had discovery, we can come back to the Court and report back and see where we are on the discovery, whether we have enough discovery to close the loop, whether we need an evidentiary hearing to finish it off." (07/15/15 Tr. at 13.) A copy of the transcript of the July 14, 2015 pre-motion conference is attached hereto. Again, there was no protest from Respublika that we had not met and conferred with regard to discovery.

On August 4, 2015, Respublika filed its motion for clarification. (ECF Nos. 35-37.) Plaintiff's opposition to Respublika's motion for clarification was due August 25, 2015. On August 21, 2015, we concluded that as a procedural matter the best mechanism for requesting discovery was in the form of a cross-motion. We wrote to Judge Ramos that day, advising the court of our intentions. (ECF No. 040.) Respublika submitted nothing in response. On August 24, 2015, Judge Ramos referred the cross-motion to Your Honor. (ECF No. 041.) On August 25, 2015 (the due date for Plaintiff's opposition) we timely filed our opposition to the motion, which included the cross-motion for discovery as an integral part of the opposition. (ECF Nos. 042-46.) On August 26, 2015, we delivered a chambers copy to Judge Ramos. We understood Your Honor's Individual Rule 2(D) to call for a chambers copy to be delivered only after all briefing had taken place. Nevertheless, we were notified by Chambers on August 27, 2015 that we should deliver a chambers copy of our filed papers, and we did so promptly.

In sum, while the procedural history is unusual, we complied with all requirements in good faith. That said, we have no objection to a further conference with this Court if the Court believes that would be productive.

### B. Respublika Has Placed Itself Within The Jurisdiction Of This Court, At Least For Purposes Of Its Motion And Any Attendant Discovery And Evidentiary Hearing

Respublika has appeared in this case as an intervenor, and has asked Judge Ramos to exempt it from the preliminary injunction. Respublika has made no effort to preserve its right to contest jurisdiction. Nowhere in its June 25, 2015 letter to Judge Ramos (ECF No. 028); in the record of the July 14, 2015 pre-motion conference (transcript attached); or in its 25-page memorandum of law (ECF No. 036) or its declaration of counsel (ECF No. 037) has Respublika asserted that it is appearing in this case in a limited way and is not subjecting itself to the Court's jurisdiction. It has therefore waived whatever right it might have otherwise had to challenge jurisdiction. *See Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir. 1972) ("[i]f a party enters a case, makes no objection to jurisdiction, and asks the court to act on its behalf in some substantive way, it will be held to have waived further objection" to the court's exercise of

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

Page 3

Honorable Henry Pitman
September 1, 2015

personal jurisdiction.); *see also M&C Corp. v. Erwin Behr GmbH & Co., KG, et al.*, No. 11-2167, 2012 WL 6554683, at *3 (6th Cir. 2012) (foreign *non-parties* waived jurisdictional defense by appearing without reservation of rights in response to order to show cause for contempt).

Respublika wants it both ways. On the one hand, it has intervened in the case and is asking the district court to rule on the merits that it is exempt from the preliminary injunction. On the other hand, when Plaintiff opposes the motion by requesting an evidentiary hearing (*see Vuitton et Fils S.A. v. Carousel Handbags*, 592 F.2d 126 (2d Cir. 1979)), and requesting expedited discovery in aid of such a hearing, Respublika argues that it is outside the scope of United States jurisdiction and cannot be subjected to any discovery under the Federal Rules of Civil Procedure. Respublika wants the benefits of the Court's merits ruling without submitting itself to the responsibilities of providing discovery, however relevant to that determination.

Respublika has come to Judge Ramos for affirmative relief, based largely on untested, unsworn, factual representations. Those representations need to be tested under oath. Plaintiff has identified specific areas of discovery that are directly relevant to the key issue in the motion: whether Respublika is in active concert or participation with the hackers. (ECF No. 043 at pp. 16, 21.) Respublika does not even argue that discovery on this issue is not relevant. It argues that it should not have to provide discovery because it is beyond the Court's jurisdiction.

Respublika cites *Wultz v. Bank of China Ltd.*, 32 F. Supp. 3d 486 (S.D.N.Y.), *reconsideration denied*, 56 F. Supp. 3d 276 (S.D.N.Y. 2014), but that case is irrelevant. In *Wultz*, victims of Middle East terrorism sued a bank that was said to be involved in funding the terrorists. The victims sought to take discovery from a non-party retired Israeli anti-terrorism officer who had information about the terrorist group and its sources of funding, obtained by the officer during his time working for the government of Israel. The government of Israel intervened in the case, and invoked its sovereign immunity and other privileges to block the discovery of the retired officer. The court granted Israel's motion and blocked the discovery on these grounds. This case has no bearing on the instant case. Respublika is not a sovereign. It is not entitled to sovereign immunity.

Moreover, even if Respublika had not already waived its jurisdictional defenses, it would still be subject to jurisdictional discovery. The proposed discovery into whether Respublika is in active concert or participation with the hackers for purposes of the injunction is significantly intertwined with discovery into whether Respublika is a co-conspirator with the hackers and is therefore directly subject to United States jurisdiction under 18 U.S.C. § 1030(b), the anti-hacking statute. Where jurisdiction is contested, courts often allow discovery into jurisdictional issues. *See, e.g., Ayyash v. Bank Al-Madina*, No. 04-Civ. 9201, 2006 WL 587342, at *16-19, 27 (S.D.N.Y. Mar. 9, 2006) (denying motion to dismiss on personal jurisdiction grounds, and allowing jurisdictional discovery to determine Lebanese co-conspirator's connections to the alleged fraud conspiracy and the United States).

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

Page 4

Honorable Henry Pitman
September 1, 2015

### C. The Reporter's Privilege Does Not Provide A Blanket Shield Against Discovery

As its final reason to deny discovery, Respublika invokes the reporter's privilege. But even Respublika concedes that "much of the information" being sought (but not *all* of the information being sought) is protected by the privilege. As an initial matter, a journalist may not engage in non-journalistic activity (much less criminal activity) and invoke the reporter's privilege to block discovery. *See Chevron Corp. v. Berlinger*, 629 F.3d 297, 306 (2d Cir. 2011) ("This circuit has long recognized a qualified evidentiary privilege for information gathered in a *journalistic investigation*.") (citations omitted) (emphasis added). Thus, the areas of inquiry in the proposed discovery notice (ECF No. 044-9) do not appear to intrude on the reporter's privilege. But even if some of the requested information were protected by the privilege, that determination must be made on a question-by-question basis, not on a blanket basis. *See In re Chevron*, 736 F. Supp. 2d 773, 781 (S.D.N.Y. 2010) (rejecting blanket claim of journalistic privilege and requiring journalist to demonstrate "that the privilege applies to particular documents or information").

Finally, Respublika complains of harassment and other alleged wrongdoing by Plaintiff. Those complaints, which are disputed, are before Judge Ramos in connection with the motion to clarify.

\*     \*     \*

We appreciate the Court's attention to this matter.

Respectfully,

Jacques Semmelman

Enclosure

cc: James Rosenfeld, Esq. (counsel for Respublika) (via email) (with enclosure)
    David Greene, Esq. (via email) (with enclosure)