# EXHIBIT B

# REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
## TO COMPEL ORAL TESTIMONY FROM A WITNESS IN POLAND
### PURSUANT TO THE 1970 HAGUE EVIDENCE CONVENTION

The United States District Court for the Southern District of New York presents its compliments to the Ministry of Justice of Poland and requests assistance in obtaining evidence to be used in civil proceedings before this Court.

This request is made pursuant to, and in conformity with, Chapter I of the *Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters* (the "Hague Convention"), to which both the United States and the Republic of Poland are party, Rule 28 of the United States Federal Rules of Civil Procedure, and Article 1135 of the Polish Code of Civil Procedure.

The District Court requests assistance in compelling testimony from Mr. Muratbek Ketebaev, a non-party witness located in Poland. The District Court asserts that the evidence sought is relevant to the issues in dispute. The testimony sought herein is relevant to the issues in the civil case against as yet unidentified persons who are alleged to have accessed Plaintiff's computers and its officials' email accounts without authorization, in violation of United States law.

## Letter of Request

1. **Sender**

    The Honorable Edgardo Ramos
    United States District Judge
    United States District Court for the Southern District of New York
    40 Foley Square
    New York, New York  10007
    USA

2. **Central Authority of the Requested State**

    Ministry of Justice (Ministerstwo Sprawiedliwosci)
    Departament Wspólpracy Miedzynarodowej i Praw Czlowieka

Al. Ujazdowskie 11
00-950 Warsaw
P.O. Box 33
Poland

3. **Persons to whom the executed request is to be returned**

Jacques Semmelman, Esq.
Michael R. Graif, Esq.
Curtis, Mallet-Prevost, Colt & Mosle LLP
Counsel for Plaintiff
101 Park Avenue
New York, New York  10178
Telephone:  (212) 696-6000
Fax:  (212) 697-1559

4. **Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request**

As soon as reasonably practicable.  Priority treatment is respectfully requested, so that evidence may be obtained that, inter alia, may help identify the person(s) who unlawfully accessed Plaintiff's computers and its officials' email accounts without authorization.

5. **IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

   a. **Requesting judicial authority (Article 3, a)**

   United States District Court for the Southern District of New York
   40 Foley Square
   New York, New York  10007

   b. **To the competent authority of (Article 3, a)**

   The Republic of Poland

   c. **Name of the case and any identifying number**

   *The Republic of Kazakhstan v. John Does 1-100, Inclusive*, Case No. 15 Civ. 1900, pending in the United States District Court for the Southern District of New York.

**6.**     **Names and addresses of the parties and their representatives (including representatives in the requested State) (Article 3, b)**

| a)  Plaintiff: | |
|---|---|
| The Republic of Kazakhstan | **Plaintiff's Legal Representative in the United States**:<br><br>Jacques Semmelman, Esq.<br>Michael Graif, Esq.<br>Curtis, Mallet-Prevost, Colt & Mosle LLP<br>101 Park Avenue<br>New York, New York  10178<br>Telephone:  (212) 696-6000<br>Email:  jsemmelman@curtis.com<br>Email:  mgraif@curtis.com<br><br>**Plaintiff's Legal Representative in Poland:**<br><br>Mikolaj Pietrzak<br>Pietrzak Sidor & Wspólnicy<br>Ul. Sandomierska 8 Lok. 5<br>02-567 Warsaw<br>Poland<br>Telephone: +48 22 898 22 18<br>Email:  sekretariat@pietrzaksidor.pl |
| b)  Defendants: | **Defendants' Legal Representative** |
| Unknown "Does 1-100" | No appearances. |
| c)  Other Parties: | **Other Parties' Legal Representative** |
| None. | N/A |

**7.**     **Nature of the proceedings for which the evidence is required (Article 3, c)**

The evidence requested relates to civil litigation filed March 12, 2015 in the U.S. District Court against as yet unknown "Doe" Defendants, based upon violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

The claims arise out of the hacking of the Plaintiff's computers and the email accounts of its officials. As set forth in a Preliminary Injunction issued by this Court on March 20, 2015, on or about January 21, 2015, Plaintiff learned of unauthorized public postings of certain of its privileged and confidential emails, and thereby became aware that its computer systems and various email accounts had been hacked by unknown hackers. [Dkt. No. 010 at ¶¶ 3, 10.] The hackers unlawfully accessed Plaintiff's computers, as well as Gmail accounts used from time to time by Plaintiff's officials to conduct official government business, and misappropriated government emails and other documents containing sensitive, proprietary, and highly confidential government documents (the "Stolen Materials"). [Dkt. No. 010 at ¶ 3.]

On March 13, 2015, Plaintiff filed a Motion, by Order to Show Cause, for a Temporary Restraining Order and Preliminary Injunction, requesting that the Court order that "Defendants, their affiliates, employees, agents, and representatives, and all persons acting in concert with or participating with Defendants, are enjoined from using, disclosing, disseminating, posting, displaying, sharing, distributing, hosting, copying, viewing, accessing, providing access to or making available to anyone, in any manner whatsoever, the Stolen Materials." That same day, the Court executed the Order to Show Cause and granted the Motion for a Temporary Restraining Order (the "TRO"). [Dkt. No. 003.]

On March 20, 2015, the Court converted the TRO into a Preliminary Injunction (the "PI"), and ordered that:

> Defendants, their affiliates, employees, agents, and representatives, and all persons acting in concert with or participating with Defendants, are enjoined from using, disclosing, disseminating, posting, displaying, sharing, distributing, hosting, copying, viewing, accessing, providing access to or making available to anyone, in any manner whatsoever, the Stolen Materials;
>
> Defendants, their affiliates, employees, agents, and representatives, and all persons acting in concert with or participating with Defendants, must

> immediately deliver to Plaintiff: (a) all copies of the Stolen Materials; and (b) all copies of any materials (in paper, electronic, or any other form) that contain or reflect any information derived from the Stolen Materials; and
>
> Defendants, their affiliates, employees, agents, and representatives, and all persons acting in concert with or participating with Defendants, must turn over to the Court any proceeds that Defendants have received as a result of their misappropriation and use of the Stolen Materials, such proceeds to be held in constructive trust until the conclusion of this litigation.

[Dkt. No. 010 at pp. 9-10.]

Also on March 20, 2015, the Court granted Plaintiff leave to serve expedited third-party discovery to gather evidence regarding, inter alia, the identity of the Defendants. Such evidence is likely relevant to proving the Plaintiffs' allegations.

**8.   Evidence to be obtained or other judicial act to be performed (Article 3, d)**

Plaintiff seeks to obtain videotaped oral testimony from Muratbek Ketebaev on the topics listed below in Section 10.

**9.   Identity and address of any person to be examined (Article 3, e)**

Muratbek Kalmanayevich Ketebaev
Warsaw, Kabaty, Wawozowa Street 6/186, Poland

and

Lublin, Frédéric Chopin Street 32, Apartment 27, Poland

**10.  Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined (Article 3, f)**

<u>**Topics for Deposition**</u>

It is requested that a court of competent jurisdiction in Poland compel the testimony of Muratbek Ketebaev, under oath, on the following subjects:

1. How Mr. Ketebaev obtained any of the Stolen Materials.

2. Why Stolen Materials have been published on the internet at various times, and by whom.

3. Whether Mr. Ketebaev was trying to influence judicial decision-making through publication of Stolen Materials on the internet.

4. The use of Facebook and other websites to promote the impression that Mukhtar Ablyazov and others linked to him, including Alexandr Pavlov, are innocent victims of political persecution and of collusion among various governments.

5. Any knowledge or information Mr. Ketebaev has regarding the planning, organizing, commissioning, financing, and execution of the hacking into the Plaintiff's computers to obtain the Stolen Materials, including the identity of any person involved in any such activities, and the timing and location of such activities.

6. Any knowledge or information Mr. Ketebaev has regarding the planning, organizing, commissioning, financing, and execution of the hacking into Gmail, Hotmail, and other accounts of officials of the Republic of Kazakhstan, including the identity of any person involved in such activities, and the timing and location of such activities.

7. Mr. Ketebaev's relationship with Mukhtar Ablyazov, and any involvement in his defense or in a public relations campaign on his behalf.

8. Mr. Ketebaev's relationship with Alexandr Pavlov, and involvement in his defense or in a public relations campaign on his behalf.

9. Mr. Ketebaev's acting as nominee for assets beneficially owned by Mukhtar Ablyazov, including Advanced Media Centre Limited.

10. Mr. Ketebaev's knowledge of, and involvement in, the hacking of the cell phone and email account of Guillaume-Denis Faure of Winston & Strawn, counsel to the Ukraine.

11. Mr. Ketebaev's knowledge of, and involvement in, any other hacking activities or planned hacking activities at any time.

12. Mr. Ketebaev's role at, and involvement with, the website http://www.respublika-kz.info/ (the "Respublika Website"), and the identities of others involved in the creation, operation, control, or funding of the Respublika Website.

13. Mr. Ketebaev's role at, and involvement with, the website https://kazaword.wordpress.com/ (the "Kazaword Website"), and the identity of everyone involved in the creation, operation, control, or funding of the Kazaword Website.

14. Mr. Ketebaev's role at, and involvement with, the website https://mega.nz (the "Mega Website"), and the identity of everyone involved in the creation, operation, control, or funding of the Mega Website.

15. Mr. Ketebaev's role at, and involvement with, the Facebook page https://www.facebook.com/respublika.kaz.info (the "Respublika Facebook Page"), and the identity of everyone involved in the creation, operation, or control of the Respublika Facebook Page, including the identity of the administrators of the Respublika Facebook Page.

16. Mr. Ketebaev's role at, and involvement with, the Facebook page https://www.facebook.com/mur.ketebayev (the "Ketebaev Facebook Page"), and the identity of everyone involved in the creation, operation, or control of the Ketebaev Facebook Page, including the identity of the administrators of the Ketebaev Facebook Page.

17. Mr. Ketebaev's dealings and interactions with, and knowledge of IRC Company, Inc. d/b/a Black Lotus Communications, Automattic, Inc., and eNom, Inc.

18. Mr. Ketebaev's knowledge of who posted Stolen Materials on the Mega Website.

19. Mr. Ketebaev's knowledge of who posted Stolen Materials on the Respublika Website.

20. Mr. Ketebaev's knowledge of who posted Stolen Materials on the Respublika Facebook page.

21. Mr. Ketebaev's knowledge of who posted Stolen Materials on the Ketebaev Facebook page.

22. Mr. Ketebaev's knowledge of who posted Stolen Materials on any website or webpage at any time.

23. Mr. Ketebaev's role in the relocation of various persons from the Republic of Kazakhstan in 2009 or later, including without limitation Svetlana Lvovna Nachinkina, Eleanora Sergokyzy Sergo, and Yerlan Turanbekovich Kosayev.

24. The issuance and use of passport number 6726719, issued in the name of Mr. Ketebaev by the Republic of Kazakhstan in 2010.

25. Mr. Ketebaev's knowledge and awareness of the TRO and the PI.

26. The identity of the person(s) who took down two Facebook posts containing Stolen Materials from the Respublika Facebook Page around March 17-18, 2015.

**11.   Documents or other property to be inspected (Article 3, g)**

None.

12. **Any requirement that the evidence be given under oath or affirmation and any special form to be used (Article 3, h)**

   The examination shall be taken in accordance with the laws and procedures of the Republic of Poland.

13. **Special methods or procedure to be followed under Article 9 (Articles 3, i and 9)**

   The District Court requests pursuant to Chapter I, Article 9 of the Hague Convention that the following special procedures be observed:

   A. That the examination of the Witness be conducted by Plaintiff's Legal Representatives in the Republic of Poland with the assistance and participation of Plaintiff's Legal Representatives in the United States;

   B. That there be a video connection to Plaintiff's Legal Representatives in the United States who will participate in the examination; and

   C. That a legal videographer be permitted to attend the hearing and make a video recording of the Witness' testimony at Plaintiffs' expense.

14. **Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7)**

   Please notify the following counsel regarding the time and place for the execution of the Request:

   Jacques Semmelman, Esq.
   Michael Graif, Esq.
   Curtis, Mallet-Prevost, Colt & Mosle LLP
   Counsel for Plaintiff
   101 Park Avenue
   New York, New York  10178
   Telephone:  (212) 696-6000
   Email:  jsemmelman@curtis.com
   Email:  mgraif@curtis.com

   Mikolaj Pietrzak
   Pietrzak Sidor & Wspólnicy
   Ul. Sandomierska 8 Lok. 5

-8-

        02-567 Warwsaw
        Poland
        Telephone:  +48 22 898 22 18
        Email:  pietrzak@pietrzaksidor.pl

**15. Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Article 8)**

None.

**16. Specification of privilege or duty to refuse to give evidence under law of the State or origin (Article 11, b)**

To be applied in accordance with the laws and procedures of the Republic of Poland.

**17. Fees and Costs**

The fees and costs incurred which are reimbursable under the second paragraph of article 14 or under article 26 of the Hague Convention will be borne by Plaintiff's counsel as designated in Section 6(a) above.

## Conclusion

In the spirit of comity and reciprocity, this Court hereby requests international judicial assistance in the form of this Letter of Request to obtain the oral examination, under oath, of Muratbek Ketebaev on the topics set forth in Section 10.  This Court expresses its sincere willingness to provide similar assistance to the courts of the Republic of Poland if future circumstances should require.

DATED: _____, 2015

_____
Hon. Edgardo Ramos
United States District Judge

Ruby J. Krajick, Clerk of the Court

By:   _____
        Deputy Clerk