# CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

ALMATY
ASHGABAT
ASTANA
BEIJING
BUENOS AIRES
DUBAI
FRANKFURT
HOUSTON

ISTANBUL
LONDON
MEXICO CITY
MILAN
MUSCAT
PARIS
ROME
WASHINGTON, D.C.

ATTORNEYS AND COUNSELLORS AT LAW

101 PARK AVENUE
NEW YORK, NEW YORK 10178-0061

TELEPHONE +1 212 696 6000
FACSIMILE +1 212 697 1559
WWW.CURTIS.COM

JACQUES SEMMELMAN
TEL: +1 212 696 6067
FAX: +1 917 368 8867
E-MAIL: JSEMMELMAN@CURTIS.COM

December 30, 2015

**VIA ECF**

The Honorable Edgardo Ramos
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *The Republic of Kazakhstan v. Does 1-100 (Inclusive)*,
Case No. 1:15-cv-01900 (ER)

Dear Judge Ramos:

This law firm represents Plaintiff the Republic of Kazakhstan ("Plaintiff") in the above-referenced case. We write in connection with this Court's Order, dated October 28, 2015, granting Plaintiff's motion for the issuance of Letters Rogatory to the High Court of New Zealand for assistance in obtaining evidence from Mega Limited, a company based in New Zealand ("Mega"). (ECF No. 060.) The Letters Rogatory ask that Mega produce "documents sufficient to identify the IP addresses, MAC addresses, email addresses, contact information, account information, and payment for the accounts that were used to upload the Stolen Materials onto the Mega website." (The defined term "Stolen Materials" refers to the emails and other documents misappropriated by the hackers.)

The Letter of Request for Assistance in Civil Proceedings issued by this Court in connection with its October 28, 2015 Order is the subject of a proceeding against Mega currently pending before the High Court of New Zealand, Auckland Registry.[1] Mega has objected to the requested production on various grounds. While Plaintiff considers Mega's objections to be unwarranted, in order to moot them, Plaintiff is willing to treat any documents, materials or information produced by Mega ("Mega Production") on an "attorneys eyes only" basis. While

---

[1] Plaintiff has advised the High Court of New Zealand that it no longer seeks the MAC addresses, but continues to seek the other information requested in the Letters Rogatory.

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

Page 2

The Honorable Edgardo Ramos
December 30, 2015

Mega has not consented to production even on these terms, Plaintiff is prepared to voluntarily limit access to the Mega Production so as to eliminate any possible concern, however baseless.

Accordingly, Plaintiff respectfully requests a pre-motion conference, so that it may file a motion for issuance of a protective order. Plaintiff's proposed protective order would restrict access to the Mega Production to Plaintiff's outside litigation counsel; outside experts and consultants who agree to be bound by the Protective Order and execute an appropriate Non-Disclosure Agreement; technical service providers (such as outside photocopy services and litigation support services); and the Court and its personnel. Plaintiff has drafted the enclosed form of protective order that reflects these proposed restrictions, a copy of which is attached as Exhibit A.

We can be available for a pre-motion conference at the Court's convenience.

Respectfully submitted,

Jacques Semmelman

cc:   James Rosenfeld, Esq. (via ECF)
      David Greene, Esq. (via ECF)


Encl.