# CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

| | | | |
|---|---|---|---|
| ALMATY | ISTANBUL | | |
| ASHGABAT | LONDON | | |
| ASTANA | MEXICO CITY | ATTORNEYS AND COUNSELLORS AT LAW | TELEPHONE 212-696-6000 |
| BEIJING | MILAN | | FACSIMILE 212-697-1559 |
| BUENOS AIRES | MUSCAT | 101 PARK AVENUE | WWW.CURTIS.COM |
| DUBAI | PARIS | NEW YORK, NEW YORK 10178-0061 | |
| FRANKFURT | ROME | | |
| HOUSTON | WASHINGTON, D.C. | | |

WRITER'S DIRECT:
TEL.: 212-696-6067
E-MAIL: JSEMMELMAN@CURTIS.COM
FACSIMILE: 212-697-1559

March 9, 2016

**VIA ECF**

The Honorable Edgardo Ramos
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square, Courtroom 619
New York, NY 10007

    Re: *The Republic of Kazakhstan v. Does 1 – 100 (Inclusive)*, Civil Action No. 1:15-cv-01900-ER – Motion to Subpoena Facebook, Inc.

Dear Judge Ramos:

    This law firm represents Plaintiff The Republic of Kazakhstan ("Plaintiff"). We write to request a conference with the Court to renew the Court's authorization, granted on March 20, 2015, to take expedited discovery including a subpoena duces tecum directed to non-party Facebook, Inc. ("Facebook").

    On March 3, 2016, Magistrate Judge Kendall Newman of the United States District Court for the Eastern District of California issued an Order quashing, without prejudice, a subpoena duces tecum (the "Subpoena") Plaintiff had served on Facebook. Plaintiff had served the Subpoena on the basis of authorization granted by this Court on the record in open court on March 20, 2015. Following the Court's issuance that day of a Preliminary Injunction, Plaintiff's counsel requested permission to take expedited discovery, specifically including a subpoena on Facebook to help identify the posters of Stolen Materials (as defined in the Preliminary Injunction). (Tr. 3/20/15, pp. 8-9.) The Court authorized the requested expedited discovery. (*Id.*)

    Pursuant to that authorization, on or about March 25, 2015, Plaintiff served a subpoena on Facebook, seeking IP address information and account information for Facebook

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

Page 2

Honorable Edgardo Ramos
March 9, 2016

accounts used to post and remove Stolen Materials. Facebook served objections to the Subpoena. On or about May 22, 2015, Plaintiff served a second subpoena on Facebook, seeking IP addresses and account information in connection with further postings of Stolen Materials. Again, Facebook served objections. Plaintiff and Facebook engaged in "meet and confer" discussions, but no resolution was reached.

On June 19, 2015, Respublika's counsel reached out to Plaintiff's counsel and stated that Respublika intended to file a motion for clarification that the Preliminary Injunction did not apply to Respublika. Plaintiff's counsel agreed (without prejudice) to suspend enforcement of the two Facebook subpoenas pending decision by the Court of Respublika's motion for clarification. Respublika filed its motion for clarification on August 4, 2015. (ECF No. 036.)

On October 14, 2015, the Court held a status conference. Plaintiff's counsel informed the Court that "[t[here are two subpoenas that we issued to Facebook," and that "[w]e have temporarily suspended without prejudice enforcement of the subpoenas because of issues raised by Respublika, and we decided it makes sense not to burden the court at this time with motions to enforce." (ECF No. 067, Tr. 10/14/15 at p. 6.)

On October 27, 2015, the Court issued its ruling on Respublika's motion for clarification. (ECF No. 057) The Court granted the motion, but expressly stated that the decision is "without prejudice to Plaintiff to reapply for the imposition of an injunction against the use of the Stolen Materials by Respublika should it obtain sufficient evidence to support such an order." (ECF No. 057, at p. 5.)

On October 28, 2015, Magistrate Judge Pitman, ruling from the bench, authorized Plaintiff to take a Rule 30(b)(6) deposition of Respublika on topics that included how Respublika came to be in possession of stolen materials.[1] (ECF No. 063, Tr. 10/28/15 at pp. 47-48; ECF No. 069.)

Shortly thereafter, Plaintiff withdrew its two pending Facebook subpoenas without prejudice, and replaced them with the Subpoena (Ex. A), which essentially replicated and consolidated the two earlier subpoenas (minus certain requests). On or about November 12, 2015, Plaintiff issued the Subpoena, returnable in Sacramento, CA. Facebook and Respublika each served objections to the Subpoena.

Despite further (and extensive) "meet and confer" sessions with Facebook and Respublika, no resolution was reached. On December 15, 2015, Plaintiff filed a motion to compel in the U.S. District Court for the Eastern District of California. Facebook and Respublika each filed oppositions to the motion. Inter alia, Facebook argued that the motion should be denied on the ground that the Subpoena had not been authorized by this Court.

---

[1] On February 16, 2016, counsel for Plaintiff deposed Respublika's Rule 30(b)(6) witness in London. The transcript is confidential pursuant to a Protective Order. (ECF No. 076.)

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

Page 3

Honorable Edgardo Ramos
March 9, 2016

On March 3, 2016, U.S. Magistrate Judge Kendall Newman denied the motion to compel, and quashed the Subpoena without prejudice, finding that the Subpoena had not been properly authorized by this Court. Judge Newman ruled that (1) the March 20, 2015 authorization on the record in open court was not in writing, and (2) "even if Judge Ramos had intended to broadly authorize such expedited discovery orally at that time, subsequent case events strongly call into question whether such potential authorization remains operative." (Ex. B, p. 7.) Judge Newman stated that the decision was "without prejudice to reissuance at a later juncture upon appropriate authorization from the U.S. District Court for the Southern District of New York." (Ex. B, at p. 8.)

Plaintiff thereby respectfully requests a conference with the Court to seek leave to file a renewed motion for expedited discovery allowing it to re-serve the Subpoena on Facebook, in accordance with the Court's March 20, 2015 ruling.

Respectfully,

Jacques Semmelman

Encl.

cc: James Rosenfeld, Esq. (for Respublika) (via ECF and email)
David Greene, Esq. (for Respublika) (via ECF and email)
Ryan Mrazik, Esq. (for Facebook, Inc.) (via email)